### EPPS v. WARING.

93 765
102 424

To an action on a promissory note which expresses on its face that it was "given for the purchase money for a lot in" a named city, it is a good defence that by the contract of sale, which was in parol, the vendor undertook and agreed to build upon the premises a house of a certain description and value, and to open a street so as to afford access to the property; that without these improvements the premises would be of no value; that before the note was given and the bond for titles taken, the plaintiff represented to the defendant that the house was in process of construction and the street would be opened according to contract; that these representations were fraudulently made, and the defendant, relying upon them, paid a part of the purchase money and gave several notes for the balance, one of which is the note now in suit; that the street has not been opened, and that the house is not such as the contract stipulated for, but of less size, inferior quality, and of less than one half the value; and that for these reasons the defendant refused to accept the premises and has never entered into possession or taken control of the same, but immediately upon discovering the plaintiff's failure to perform, offered to rescind the contract, which he refused to do. The plaintiff having fraudulently procured the notes for the purchase money, he cannot enforce them in violation of the terms of the real contract between the parties, although that contract was in parol and depends for its establishment upon parol evidence.

June 25, 1894. Argued at the last term.

Complaint on note. Before Judge BARTLETT. Morgan superior court. March term, 1893.

CALVIN GEORGE, by brief, for plaintiff in error.

FOSTER & BUTLER, contra.

LUMPKIN, Justice.

Waring brought suit against Epps upon a promissory note which was one of a series given for the purchase of a city lot. The note contained this sentence: "This note is given for the purchase money of a lot in Madison, Ga." The defendant filed certain special pleas, which were stricken on motion of the plaintiff, and a verdict was then rendered in favor of the latter, the defendant introducing no evidence. The material allega-

tions of the special pleas were, in substance, as follows:
The defendant had purchased from the plaintiff the lot
in question under a parol contract, by the terms of which
Waring undertook and agreed to build upon the same
a good, substantial, properly constructed and appointed
dwelling-house, to cost not less than $400.00 and to be
actually worth not less than that sum, and also to cause
a street to be opened so as to give the defendant access
to the property.    Without the house and the opening
of the street, the lot was practically worthless, and these
undertakings by the plaintiff were the sole consideration
which induced the defendant to enter into the contract
for the purchase of the lot.    It was expressly understood
and agreed that the contract was not to be completed
and executed until the house was erected and finished
to the satisfaction of the defendant, and the street was
opened.    Some weeks after the terms of the contract
had been agreed upon, the plaintiff's agent represented
to the defendant that the house was actually in process
of construction, and that the street would be opened
according to contract; and relying upon these represen-
tations, the defendant paid a part of the purchase money
and gave several promissory notes for the balance, one
of which is the note now in suit, and accepted from the
plaintiff's agent a bond for titles to the property.    After
executing the notes, the defendant discovered that the
street had not been opened, and that the plaintiff had not
complied with his agreement with reference to the house,
but instead of so doing had erected a smaller house,
which was meanly constructed, at a cost of not exceed-
ing $150.00, and that in consequence of the failure to
open the street, there was no way of ingress to and egress
from the lot.    The defendant had never taken possession
of the premises, and upon making the discoveries above
mentioned, immediately notified the plaintiff he would
not accept the property, offered to surrender the bond

for titles he had received and rescind the contract, and demanded from the plaintiff the return of the notes defendant had given for the purchase of the lot, together with the cash he had paid. The plaintiff declined to rescind, and the defendant refused to take possession of the property. The representations of the plaintiff's agent above set forth were false and fraudulent, and were made for the express purpose of inducing the defendant to sign the notes and pay a part of the purchase money. There were prayers for a rescission of the contract, a cancellation of the bond for titles and the purchase money notes, and that the plaintiff be required to pay back that portion of the purchase money which he had received, with interest.

In our judgment, these special pleas set up a good defence to the plaintiff's action, and ought not to have been stricken. The trial judge struck the pleas upon the idea that, accepting as true the allegations therein made, the plaintiff was attempting by parol to vary the terms of an absolute written contract. At first glance, this may seem to be true, but a more careful examination will lead to a contrary conclusion. In the first place, it is evident from the facts alleged in the pleas that the note in suit does not contain the entire contract between the parties. There were other notes and a bond for titles; and besides, the main stipulations between the parties lay in parol, and it was not their intention that these stipulations should be merged in and covered by the writings. But independently of all this, the pleas distinctly allege that the notes were fraudulently procured by representations falsely made; and if all the allegations of the pleas are true, the deliberate purpose of these representations was to deceive the defendant. If this be so, there is no principle, either of law or justice, which will allow the plaintiff to enforce payment of the notes in palpable violation of the terms of the real con-

tract between himself and the defendant, and this is true although that contract was in parol and depends for its establishment upon parol evidence. It is a universally recognized doctrine, supported by all respectable text-writers and upheld in every well considered case bearing upon this subject, that where a party has been induced to enter into a contract by a willful fraud on the part of the other party, calculated to deceive and which does deceive, the defrauded party may set up the fraud in his defence to an action upon the contract.

The facts alleged in the pleas in the present case constituted sufficient grounds for rescission, and the effect of a rescission would be to defeat a recovery by the plaintiff upon the purchase money notes, including the one now in controversy.          *Judgment reversed.*