BAILEY *v.* BAILEY.  HEARD *v.* HUBBARD.

Making every concession as to the fullest possible scope of the first section of the act of 1889, providing when transfers and liens shall take effect as against third persons, it is certain that the lien of judgments, to which the second section of the act applies, dates, as to *bona fide* conveyances by the debtor to third persons, only from the time the executions issuing thereon shall be entered upon the general execution docket, unless such entry be made within ten days after the judgments were rendered. Hence, such conveyances made by absolute deed, whether intended to secure a debt or for full ownership, and whether made before or after the judgment in question was rendered, are not affected by the judgment if the deed was actually recorded before the execution based on the judgment was entered on the general execution docket, such entry having been delayed until after the ten days limit had expired. A deed for value, made and taken *bona fide* before a judgment against the maker was rendered, may be filed for record and recorded after rendition of the judgment and with notice of the same, without subjecting the property conveyed to a lien of the judgment, where that lien dates only from a subsequent entry of the execution on the proper docket.

June 25, 1894. Argued at the last term.

Levies and claims.  Before Judge BOWER.  Dough-erty superior court.  April term, 1893.  Before Judge GOBER.  Dawson superior court.  August term, 1893.

D. H. POPE, for plaintiff.  H. MORGAN and C. B. WOOTEN, *contra.*

' G. K. LOOPER and R. P. LATTNER, for plaintiff.  J. M. BISHOP, *contra.*

LUMPKIN, Justice.                               •

These two cases were considered and decided together.

In the first, it appears that an execution in favor of Alice Bailey against Boisy Bailey was levied upon land which was claimed by Cynthia Bailey.  The title to the land in question was in the defendant in execution on the 3d day of September, 1891, on which day he, in con-sideration of $800.00 and " natural love and affection," conveyed it absolutely to the claimant.  The judgment upon which the plaintiff's execution issued was rendered October 7th, 1891, and the fact of its rendition was known to the claimant on the day the judgment was rendered. The deed from the defendant in execution to the claim-ant was recorded October 10th, 1891.  The plaintiff's ex-ecution was not entered on the general execution docket until December 12th, 1891.  There was a verdict for the claimant; and the plaintiff's motion for a new trial having been overruled, she excepted.

The other case was, by consent, submitted to the pre-siding judge for trial without a jury, upon an agreed statement of facts, from which it appeared that on De-cember 9th, 1890, the defendant in execution conveyed the land in dispute to the claimant as security for a debt, taking a bond for a reconveyance of the land upon the payment of the debt.  The judgment to which the plain-tiff sought to subject the land was dated December 20th, 1890.  The deed above mentioned was filed for record February 2d, 1892, and recorded the next day.  The

plaintiff's execution was issued April 15th, 1893, and entered upon the general execution docket April 17th, 1893. The court adjudged that the land was not subject to the execution, and the plaintiff excepted.

An examination of the above recited facts will show that the two cases are somewhat similar. They differ only in the following respects: In the first, the deed relied upon by the claimant was a deed for full ownership. In the second, the deed under which the claimant held was given to secure a debt; but as the latter deed passed title as well as the former, we do not think this difference in the facts is material. Again, in the first case, the plaintiff's judgment was rendered more than thirty days after the date of the deed to the claimant. In the second case, the plaintiff obtained judgment within less than thirty days after the defendant in execution had conveyed to the claimant. This difference in the facts of the two cases is also immaterial. If the latter case was controlled absolutely by the act of September 30th, 1885, " to regulate the registration of deeds and bills of sale which are given as security for debt, and to prescribe the consequences of a failure to duly record the same" (Acts of 1884–5, p. 124), the difference in the two cases just indicated might have been of some consequence. But as due effect must be given to the act of October 1st, 1889, " to provide when transfers and liens shall take effect as against third persons" (Acts of 1889, p. 106), this difference becomes unimportant.

In the following respects, the two cases are precisely alike: In each of them, the deed to the claimant, though not recorded until more than thirty days after its date, was in fact recorded before the plaintiff's execution was entered upon the general execution docket; and in each case, the entry of the execution upon such docket was not made until more than ten days after the rendition of the judgment. We therefore think the determina-

tion of the two cases depends upon the effect and meaning of the language used in the second section of the act last cited.

That act became of force on the first day of January, 1890. We do not think the first section of that act is applicable to the two cases now under consideration, and therefore do not now pass upon the question as to whether or not the word "lien," where used in the phrase "transfer or lien binding the same property," occurring in that section, is to be understood as applying only to liens acquired by contract, or as including also liens by judgment. Whatever may be the scope of the first section of that act with reference to the question just mentioned or to any other, it is quite certain that under the second section of that act the lien of a judgment dates, as to *bona fide* conveyances by the debtor to third persons, only from the time the execution issuing thereon shall be entered upon the general execution docket, unless such entry is made within ten days from the date of the rendition of the judgment. In other words, no matter when a judgment is rendered, unless within ten days from its date the execution issued thereon is entered upon that docket, that judgment has no lien upon the property of the defendant dating from its rendition as against the rights or interests of a third party, acting in good faith and without notice, who has acquired a transfer of the defendant's property. Under the provisions of this section, it would be immaterial whether the conveyance to such third party, if an absolute deed, was made to secure a debt or for full ownership, nor whether it was made before or after the judgment was rendered, provided the deed was actually recorded before the execution based on the judgment was entered upon the general execution docket, and provided, of course, the making of that entry had been delayed until after the ten days' limit had expired, because

the section expressly provides that when such delay has occurred, the lien of the judgment shall date only from its entry on the docket. Nor is there anything in that section from which it can even be inferred that where one has, in good faith, taken a conveyance from a debtor, mere knowledge on the part of the former of the subsequent rendition of a judgment against the debtor will relieve the judgment creditor from entering his execution on the general docket. Such knowledge is of no consequence, and in no sense deprives the grantee in the conveyance of his position as a *bona fide* purchaser, if in fact he was so when he took the conveyance. When such purchaser has, *bona fide* and for value, obtained a deed before a judgment against the maker of it is rendered, and has had this deed duly filed and recorded, even after the rendition of the judgment and with notice of the same, his title to the property is complete and valid, and not subject to the lien of the judgment where that lien dates only from a subsequent entry of the execution on the proper docket. Under these circumstances, it seems plain that the title of the debtor has passed to the purchaser, and the record of the transfer has become complete, at a time when the lien of the judgment creditor could not attach to the property at all. A case which, in principle, is somewhat in point is that of *Cottrell & Sons* v. *Merchants & Mechanics Bank,* 89 *Ga.* 508, in which it was held that the retention of title by the vendor in a written contract of conditional sale of personalty would prevail over the lien of a subsequent mortgage on the same property made by the conditional vendee to one who gave credit and took the mortgage without notice of the vendor's title, the mortgage also not being recorded in time.

*Judgments in both cases affirmed.*