## HOUSE *v.* MARTIN.

1. Whether want of consideration could be pleaded to a promissory note under seal or not, a plea to an action upon such a note which sets up the defense that the defendant was induced to enter into the contract which resulted in the execution of the note by the misrepresentation of material facts, knowingly made by the payee, in order to induce the maker to execute the note, contains a good defense to the action; and it was error to strike such a plea upon demurrer.
2. There was no error in sustaining the demurrer to the plea of res adjudicata.

Argued December 6, 1905.—Decided May 24, 1906.

Complaint. Before Judge Prior. City court of Hall county. August 23, 1905.

*Dean & Hobbs,* for plaintiff in error.

*H. H. Perry, F. M. Johnson,* and *Parks & Gaillard,* contra.

BECK, J.  Martin sued House as maker, and Oliver as indorser, on a promissory note under seal, in the city court.  House pleaded that the note was given to Oliver in settlement of the purchase by himself of the entire interest of Oliver in the mercantile business of House & Oliver, and that it was without consideration, in that it was procured from him by Oliver, the payee, by fraud, and that Martin had notice of this defense before he purchased the note. After several terms of court had passed, the case was called for trial, and House offered an amendment to his plea, which alleged specifically the manner in which the note was fraudulently procured (which is detailed in the case of *Oliver* v. *House,* ante), and also that the issue in the case was res adjudicata, it having been decided by the auditor to whom was referred the case arising on the original petition filed by House (set forth in case of *House* v. *Oliver,* 123 *Ga.* 784) that Martin was entitled to the amount of his note, and that when House dismissed that action while it was pending on his exceptions to the auditor's report, with the consent of Martin, and paid the costs thereof, Martin was precluded from bringing this action on the note.  Martin filed a general demurrer to the original plea; and also demurred to the amendment, on the ground that it set forth no legal defense to his suit on the note, and also because it failed to show that this cause of action had been adjudicated.  The court sustained the demurrer to the original plea, and refused to allow the amendment; and House excepted.

1. In passing upon the question as to whether or not a general demurrer should have been sustained to the defendant's plea as amplified by the proposed amendment, we do not deem it necessary to discuss or decide whether *want* of consideration can be pleaded to an instrument under seal, such as the one which is the basis of the suit against this plaintiff in error; but we place the reversal of the judgment of the court below, sustaining the demurrer, upon the ground that the fraud practiced in inducing House to enter into the contract, which resulted in his making and signing the promissory note sued on, vitiated the same and rendered it incapable of being enforced by the payee or any holder who took the note with notice of the fraud that had been perpetrated.  The fraud set out was not simply legal or constructive fraud, but was actual,

consisting in willful misrepresentations of material facts, and induced House to enter into the contract. Taking the averments of the plea as true (as we have to do in passing upon this demurrer), we find that Oliver, the payee in the note, had entire charge of the books of the partnership, and was well acquainted with the indebtedness of House and Oliver (maker and payee respectively) to the merchants and others from whom they had purchased goods, while House was not familiar with the books and did not know the amount of the firm's indebtedness, but, reposing confidence in his partner, relied entirely upon the statements made to him in reference to the same; and further, that the books themselves did not show the true indebtedness of the firm, so that the defendant could not by the exercise of ordinary diligence have discovered the fraud and misrepresentations of the payee. It also appears that Oliver prepared a "list" which he represented to the defendant to be a showing of the full amount due by the firm of House and Oliver, aggregating the sum of $3,816.42, whereas the true indebtedness of the firm was $6,227.08, and that Oliver well knew the actual amount due the creditors of the firm. And the furnishing of the list aforesaid, showing the amount due to be very much less than the true indebtedness, was a part of the false and fraudulent practices through and by which the defendant was induced to sign the note in controversy. Besides the foregoing recital of facts establishing fraud upon the part of Oliver, there were other facts and circumstances pleaded to show that the defendant was induced by fraud to execute the written promise to pay which is now sought to be enforced. And the fraud and deceit so practiced by Oliver was of such a nature as to bring the case squarely within the principle embodied in the Civil Code, § 3669, that "fraud voids all contracts." And that which would have been a good defense to the note in the hands of Oliver would necessarily be good against the plaintiff in the present case, who took it with knowledge of the facts and circumstances which constituted that defense. While it may be true that one who executes a promissory note under seal, knowing that it is without consideration, will be estopped in a subsequent action thereon from denying a consideration, it has not been held—and we do not apprehend that it will ever be held—that one who executes a note believing that it is given for a valuable consideration, when that belief springs from the artful, false, and

fraudulent representations of the payee in such note, will likewise be estopped from setting up the fraud by which he was induced to enter into the contract resulting in the giving of the instrument. The plea of fraud relating, not to the procurement of the note, but merely to the consideration, could perhaps be more appropriately set up in equity than at law. 14 Am. & Eng. Enc. L. (2d ed.) 166. But "while a city court has no jurisdiction to grant affirmative equitable relief, it may entertain jurisdiction of an equitable plea purely defensive in its nature, which upon being sustained would result simply in a general verdict in favor of the defendant." *House* v. *Oliver,* 123 *Ga.* 784.

The plea filed by the defendant at the appearance term, while vague and indefinite, and, as against a special demurrer, insufficient, was enough to amend by; and the original plea, with the amplification contained in the amendment, as we have ruled above, should not have been stricken on general demurrer.

2. The plea of res adjudicata shows on its face, considering the exhibits thereto, that it is without merit; and counsel for the defendant themselves doubtless take this view of it, as the exception to the judgment sustaining the demurrer to this part of the plea is not urged in their brief.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., not presiding.*