### 239.  TURNER *v.* WARE.

1. Where a party has been induced to enter into a contract by a willful fraud on the part of the other party, calculated to deceive and which does deceive, the defrauded party may set up the fraud in his defense to an action on the contract.

2. In a suit on a promissory note against the maker thereof, the defense was that the maker had been induced to sign the same by a misrepresentation of a material fact, made wilfully to deceive him by the holder thereof. *Held,* that it was error to exclude the testimony in proof of this defense and to direct a verdict for the plaintiff.

Appeal, from Bibb superior court—Judge Felton. February 14, 1907.

Submitted March 27,—Decided May 24, 1907.

*R. D. Feagin,* for plaintiff in error.  *L. D. Moore,* contra.

HILL, C. J.  Ware sued Turner in a justice's court on a note for $65 for rent of a store on First street, in the city of Macon.

Turner pleaded that he was induced to sign the note by fraudulent misrepresentations made to him by Ware, and pleaded set-off and recoupment against Ware of $85. The facts of the trans-action between Ware and Turner were substantially as fol-lows: In March, 1906, Turner was renting a store on Second street, in Macon, and was paying $60 per month, and his rent notes were outstanding until October 1, 1906. Ware was renting a store on First street, under a lease to October 1, 1907. Turner did not know what rent Ware was paying. Ware wanted to ex-change stores with Turner, and they agreed to make an exchange of stores, and, as both parties had rent notes outstanding, it was agreed that, in order to avoid the trouble of making new notes, each would continue to pay his outstanding notes for the rent of the store each had been occupying, and they would adjust between themselves the difference in the rent; and each took the other's word as to what rent he was paying. Turner told Ware that he was paying $60 per month for his store, which was the truth. Ware told Turner that he was paying $65 per month for his store, which Turner relied upon as being the truth; but in fact Ware was only paying $50 per month for his store, and his notes for this amount were outstanding. Under these representations, which each accepted as true, and which each acted upon, the exchange of stores was made. Under this contract Turner gave his notes to Ware for $65 for the monthly rent which Ware said his store had been costing him; and it was agreed that Turner should pay these notes each month by taking up his own notes for $60 for the rent monthly of the store he had occupied on Second street, and pay Ware the $5 difference in the rent of the two stores in money. Turner, relying upon the truthfulness of Ware's state-ment and having no cause for suspecting any deception or fraud, paid and took up his $60 notes each month for six months after the exchange of stores was made. This payment covered the rent of the store which Ware had moved into, and which had been oc-cupied by Turner from April 1, 1906, to October 1, 1906, and, in ad-dition, Turner paid to Ware the $5 per month for five months, thereby taking up, in pursuance of the agreement, five of his $65 notes which he had given to Ware. Turner having thus paid his six $60 notes, and in addition the $5 difference in the rent of the stores to Ware, he was only due, at the time the suit was brought,

on the $65, the sum of $5, assuming that there had been no mis-
representation or fraud, and that Ware's contention, as claimed,
was correct. Ware's suit was for the full amount of $65 and in-
terest, and Turner claimed that he had paid as rent, when Ware
sued, $85 more than the aggregate rent of the First street store
according to what Ware was actually paying therefor when the ex-
change of stores was made; this $85 being composed of the $5 dif-
ference in the rent of the two stores for the five months for which
Turner had paid to Ware, and the $10 per month, which Turner
had paid as the difference in rent, relying upon the statement of
Ware that his monthly rent was $65, instead of $50. The evidence
for the defense clearly established the truth of Turner's contention;
it being shown that Ware as a matter of fact was only paying $50
per month for his store, and not $65 as was represented. The
court, however, ruled out all the testimony for the defense, and di-
rected the jury to return a verdict for the plaintiff Ware on the
note of $65 for the full amount, with interest. The defendant
made a motion for a new trial, based on the usual statutory grounds
and the judgment of the court excluding the testimony in support
of his defense and in directing a verdict for the plaintiff.

We think, under the evidence submitted by the defendant, the
court erred in excluding this testimony and in directing a verdict
for the plaintiff, and erred in not granting a new trial. The Civil
Code, §4026, defines legal fraud as "misrepresentation of a mate-
rial fact, made willfully to deceive, . . . and acted on by the
opposite party." The evidence submitted by the defendant shows
that Ware did make a misrepresentation to Turner as to the amount
of rent paid monthly for his store. It can not be assumed other-
wise than that this misrepresentation was made willfully to de-
ceive. Of course, Ware knew what amount of rent he was paying
for his store, and such misrepresentation was acted on by Turner
under the belief that it was the truth. This leaves for considera-
tion only the question as to whether such misrepresentation was of
"a material fact." Under the contract made between the parties,
the exact amount of rent each was paying for his store was a ma-
terial fact, as determining the amount each was thereafter to pay
on the exchange of stores. It was understood that the man whose
rent was the less of the two was to pay to the other the difference.
If, therefore, Ware had not made the misrepresentation to Turner,

to wit, that his store cost him $65 rent per month, but had told him the truth, to wit, that his store was only $50 rent per month, instead of Turner paying Ware $5 per month as the difference in rent, Ware under the terms of the agreement would have paid Turner $10 per month as the difference in rent. This misrepresentation, therefore, took out of Turner's pocket $5 per month that he paid to Ware as the difference in the rent as represented by Ware, and kept out of Turner's pocket $10 per month which Ware should have paid him as the difference in the actual rent of the two stores. If these facts were true, and the evidence submitted by the defendant gave him the right to have that fact determined by a jury, then the plaintiff was not only guilty of legal, but actual, fraud. If either party to a transaction conceals some fact which is material, which is within his own knowledge, and which it is his duty to disclose, he is guilty of actual fraud. Civil Code, §§ 4025, 4026, 4027; In re Tappan, 22 Pac. 257, 5 L. R. A. 428, 13 Am. St. Rep. 174. In *Epps* v. *Waring*, 93 *Ga.* 765, 20 S. E. 645, Mr. Justice Lumpkin says: "It is a universally recognized doctrine, supported by all respectable text-writers, and upheld in every well-considered case, bearing upon this subject, that where a party has been induced to enter into a contract by willful fraud on the part of the other party, calculated to deceive and which does deceive, the defrauded party may set up the fraud in his defense to an action upon the contract." Under these decisions, the defense set up in this case was good, and the evidence submitted by the defendant entitled him to a verdict, unless such evidence was controverted; and we think that our learned brother of the trial court erred in excluding the testimony of the defendant, and in directing a verdict for the plaintiff, and in refusing to grant the defendant a new trial.      *Judgment reversed.*