3707. LOYLESS *v.* HESSE ENVELOPE & LITHOGRAPHING CO.

1. Misrepresentations made by an agent in procuring a contract, when they amount to a fraud, may be alleged and proved as a defense to a suit upon the contract. Testimony that such misrepresentations were made, and that relying upon their truth the defendant was induced to make the contract, does not alter the terms of the contract, but furnishes a reason why it is void and can not be legally enforced.
2. The motion to dismiss the writ of error is without merit.

DECIDED MARCH 6, 1912.

Complaint; from city court of Atlanta—Judge Calhoun. June 24, 1911.

*A. E. Ramsaur, A. E. Wilson,* for plaintiff in error
*George B. Rush,* contra.

HILL, C. J. The Hesse Envelope & Lithographing Company sued D. A. Loyless in the city court of Atlanta, alleging in substance as follows: On or about December 12, 1908, Loyless ordered of petitioner 50,000 envelopes, at an agreed price of $2.65 per thousand, to be shipped to the Byrd Printing Company, Atlanta, Georgia, f. o. b. St. Louis, Missouri. The envelopes thus ordered had to be made up and stamped with certain printed matter especially for the defendant, and, being thus printed and stamped, they were useless to petitioner or to any one else, except the defendant. On or about January 6, 1909, as per instructions

received from the defendant, plaintiff shipped to the Byrd Print-
ing Company, for the defendant, 10,000 of the special size envelopes
so ordered.  Petitioner has fully complied with its contract, has
manufactured and printed 50,000 envelopes in compliance with the
order, and has delivered 10,000 of them, and holds the other 40,000
subject to the defendant's order.  Defendant refuses to accept the
balance of the order and refuses to pay for the 10,000 delivered, as
well as for the 40,000 held subject to his order; and the suit is
filed to recover the agreed price to be paid for the entire 50,000
envelopes, with interest thereon.

The defendant by a plea admits that he ordered the quantity of
envelopes alleged, and alleges that he refused to pay for them for
the following reasons:  That he was induced to order the envelopes
by an agent or salesman of the plaintiff, one A. A. Allen, to whom
he stated that he desired them for the purpose of sending out a trade
paper or magazine known as "The Southern Carbonator and Bot-
tler," which is a bulky publication averaging from 95 to 120 pages
to the issue, and printed on thick, heavy paper; that never having
used envelopes in the mailing of his magazine, and being wholly
ignorant of the paper business, he did not know what particular
grade or style of envelopes to order, and so stated to the said Allen
at the time, but informed him that he wanted an envelope made of
paper sufficiently strong and tough to permit of carrying his mag-
azine through the mails without tearing, and that no other sort
of envelope would answer his purposes; that Allen then exhibited
to defendant a sample envelope and represented to defendant that
envelopes made according to this sample would be in every way suf-
ficient for his needs, and expressly warranted that the envelopes
would be made according to this sample and would safely carry the
defendant's magazine through the mail, a copy of which magazine
was exhibited to Allen for the purpose of showing him its weight
and size; that relying upon this warranty and upon the express
consideration that the envelopes to be furnished would be suf-
ficiently strong and tough to carry his magazines through the
mails, defendant thereupon ordered the 50,000 envelopes; that
early in the month of January, 1909, defendant received from the
plaintiff an advance shipment of 10,000 envelopes upon the or-
der, and upon the occasion of the issuance of the next number of
his magazine he used some 2,500 of the envelopes in sending out

his magazines to his subscribers; that instead of the envelopes being of the grade and quality ordered by him, they were made of flimsy, inferior paper, which was easily torn, and would not sustain the weight of the magazine, and defendant was compelled, as a measure of precaution, to wrap each copy of his magazine with twine outside of the envelope, in the hope of preventing the envelope from bursting and the magazine from being lost in the mails; that even with this precaution a large number of the magazines were returned to him by the postal authorities on account of being insufficiently wrapped, because of the inferiority of the envelopes, and because the envelopes had become torn and mutilated from the ordinary handling in the mails, to the extent that the addresses were torn therefrom; and that all of the magazines which were not returned to him by the postal authorities reached their destination with the envelopes in a torn and mutilated condition by reason of the flimsiness and inferiority of the envelopes; that on account of the very inferior quality of the envelopes shipped to him, they were utterly useless to him and could not be used for any purpose whatever, and he was compelled immediately to order wrappers for the purpose of getting out the remaining copies of his magazine; that he at once notified plaintiff of the inferior quality of the envelopes which had been shipped to him and countermanded the order for the remaining 40,000; but inasmuch as he had endeavored to use some 2,500 of the envelopes, he offered to pay plaintiff for the 10,000 which he had accepted, though realizing that he was not bound to make such an offer; that the plaintiff declined to accept the payment offered in full settlement of the account against him, and demanded payment for the entire 50,000 envelopes. In brief, the defense set up was fraud in the procurement of the order, breach of express warranty, and failure of consideration. The jury returned a verdict in favor of the plaintiff, for the full amount; and the defendant excepts to the refusal of a new trial.

1. On the trial certain testimony offered by the defendant, to prove the allegations of his plea as to the misrepresentations which induced him to give the order for the envelopes, was excluded by the court, on the ground that, the order being in writing, this evidence was inadmissible because it varied the terms of a written contract. The defendant offered to prove the representations made to him at the time that the order was given by the

salesman of the plaintiff, and the exhibition by the salesman to him of a sample copy which he claimed to be suitable for the defendant's purpose, promising that the 50,000 envelopes to be furnished to the defendant by the plaintiff should be like the sample. The trial court erred in excluding this testimony. It is not within the rule that parol testimony is inadmissible to alter or vary the terms of a written contract. "A plea of breach of warranty and failure of consideration does not add to or vary a written contract between the parties, although the plea does not allege fraud, deceit, or mistake in the making of the contract." *Aultman* v. *Mason,* 83 *Ga.* 212 (9 S. E. 536). The plea in the present case, however, does allege fraud in the procurement of the order for the envelopes by the untrue representations made to the defendant by the salesman of the plaintiff, which induced him to give the order. Misrepresentations of an agent in procuring a contract may amount to fraud upon the purchaser, and a plea setting up these facts would be a good defense to an action brought upon the contract, and evidence in support of such a plea would be admissible, notwithstanding that the contract stipulated that no other representations, except those contained therein, would be binding on the seller. While the written contract could not have been altered by parol, yet if its execution was the result of fraud, accident, or mistake, such fact could have been pleaded and proved by parol in avoidance thereof. *Ham* v. *Parkerson,* 68 *Ga.* 830; *State Historical Association* v. *Silverman,* 6 *Ga. App.* 560 (65 S. E. 293). "Where a party has been induced to enter into a contract by a wilful fraud on the part of the other party, calculated to deceive and which does deceive, the defrauded party may set up the fraud in his defense to an action on the contract." *Turner* v. *Ware,* 2 *Ga. App.* 57 (58 S. E. 310). And Mr. Justice Lumpkin, in the case of *Epps* v. *Waring,* 93 *Ga.* 765 (20 S. E. 645), declares that "it is a universally recognized doctrine, supported by all respectable text-writers and upheld in every well-considered case bearing upon this subject, that where a party has been induced to enter into a contract by a wilful fraud on the part of the other party, calculated to deceive, and which does deceive, the defrauded party may set up the fraud, in his defense to an action upon the contract." Under these authorities we think it very clear that the trial judge erred in not allowing the defendant to prove, by testimony which was offered, the allegations

of his plea, and especially the representations made by the salesman of the plaintiff, which induced the defendant to give the order for the envelopes, and which were alleged to have been untrue. The attempt was not to vary the terms of the written order, but to get rid of it because of fraud in its procurement.

2. When this case was called for argument in this court, a motion was made to dismiss the writ of error, because the brief of evidence filed with the motion for a new trial was not that which was agreed upon by counsel, in that it did not have attached to it a copy of the written order for the envelopes and certain letters claimed to have been written by the defendant to the plaintiff confirmatory of this order. The motion is without merit. There was no dispute as to the contents of the order or of the letters alluded to. They were referred to by both plaintiff and defendant in the oral evidence, and they are set out in the brief of counsel for the defendant in error, and their correctness is admitted by the brief filed by the plaintiff in error. The decision of this court in granting a new trial does not depend upon a consideration of the written contract or of the letters of the defendant confirmatory of that contract, but the reversal is ordered because of the error in excluding testimony offered by the defendant to prove the allegations of his plea relating to the false and fraudulent representations of the plaintiff's salesman which induced him to give the order for the envelopes.          *Judgment reversed.*