8378. SOUTHERN FERTILIZER & CHEMICAL CO. *v.* CARTER.

BLOODWORTH, J. 1. Where an agent sold guano to a person who could neither read nor write, and afterwards went to the home of the purchaser, and "it was nearly night when he came up in his car, and he did not stay but a little while," and the agent told the purchaser he "had come to get him to sign the guano note," and thus secured his mark to a note in which was embraced a mortgage on the crop, of which latter fact the agent did not apprise the purchaser, this was such a fraud as, when properly pleaded and proved, would relieve the purchaser of liability under the mortgage, it not appearing that there was any third party present who could read and write and the signer of the note being thus compelled to rely upon the representations of the agent who procured the note. In *Gore* v. *Malsby*, 110 *Ga*. 900, 901 (36 S. E. 315), it was said: "The defendant was illiterate; could neither read nor write; and avers the note was never read over to him before he signed it. We think the allegations make out a clear case of the procurement of the note by such fraud as would render it absolutely void in law; and, instead of seeking to vary a written contract by parol evidence, he is simply endeavoring to show what the

real contract was, and that his signature to what purports to be the written contract was obtained by the fraudulent misrepresentations of the party with whom he was dealing. . . It has repeatedly been decided that when one through his own negligence fails to inform himself about the contents of a written contract, he will not be allowed to vary it by parol evidence. But the difference is very marked between that class of cases and where one from illiteracy or ignorance is unable to read the writing he is induced to sign, and has to rely upon the representations made by the draftsman. . . See also, in this connection, *Hansford* v. *Freeman*, 99 *Ga.* 376 [27 S. E. 706]; *Chapman* v. *Atlanta Guano Co.*, 91 *Ga.* 821 [18 S. E. 41], where a note was written out for more than the agreement, and was signed by the maker when so dark that he could not see well, but on the representation of the payee. It was held that this constituted a good defense to the note. Certainly it would be equally as good a defense when the maker could not read what he was signing, and relied upon the representations of the draftsman. Numerous other authorities might be cited to sustain the ruling herein announced. In fact we know of no other adjudication of this or any other court of last resort at all in conflict with our decision in this case." A general rule laid down in *Epps* v. *Waring*, 93 *Ga.* 768 (20 S. E. 645), is as follows: "It is a universally recognized doctrine, supported by all respectable text-writers and upheld in every well-considered case bearing upon this subject, that where a party has been induced to enter into a contract by a willful fraud on the part of the other party, calculated to deceive and which does deceive, the defrauded party may set up the fraud in his defense to an action upon the contract." See also *McBride* v. *Macon Telegraph Publishing Co.*, 102 *Ga.* 422 (2) (30 S. E. 999); *Wood* v. *Cincinnati Safe &c. Co.*, 96 *Ga.* 120 (22 S. E. 909); *Chapman* v. *Atlanta Guano Co.*, supra; *Angier* v. *Brewster*, 69 *Ga.* 362, 364. The foregoing ruling applies only to the mortgage embraced in the note, and has no reference whatever to the note itself.

2. The ground of the motion for new trial based on the newly discovered evidence is without merit. Where a person as agent of another in the sale of guano takes a note in settlement therefor, makes affidavit to foreclose an alleged mortgage based on the note, and in said affidavit swears that he is the "duly appointed agent of and authorized by the [plaintiff] to make this affidavit," and in the affidavit made to be used on the hearing of the motion for a new trial he swears that he "represented the plaintiff in looking after the collection of said debt and in looking after the employment of counsel to proceed to foreclose the mortgage in said case, and consulted counsel with respect to the testimony in preparation for the trial thereof," testimony of a witness who swears that he was present and heard a conversation between the defendant and the agent referred to can not be "newly discovered evidence," because the agent himself, the alter ego of the corporation in this transaction, was a party to the conversation.

(a) Even if said evidence could be considered newly discovered, it is cumulative and impeaching in its character.

(b) In cases of newly discovered evidence, "it must appear by affidavit of movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Civil Code, § 6086. This rule is not complied with where there is no affidavit of any one as agent for the plaintiff, and the attorneys swear only "that at the time of the trial of said case they had not been informed and did not know that the said Nep Carter had admitted to M. B. Johnson and J. C. Franklin that he knew he had given a good mortgage note over his crop for the debt in question in said case."

<em>Judgment affirmed. Broyles, P. J., and Harwell, J., concur.</em><br>
DECIDED NOVEMBER 14, 1917.

Mortgage foreclosure; from city court of Baxley—Judge Sellers. September 21, 1916.

*Padgett & Watson,* for plaintiff.