### 17575.   WAITS v. RICE.

BROYLES, C. J.   Under the facts of the case as disclosed by the pleadings, the court properly struck the defendant's answer on demurrer and rendered judgment in favor of the plaintiff.

*Judgment affirmed.   Luke, J., concurs.   Bloodworth, J., absent on account of illness.*

DECIDED NOVEMBER 9, 1926.

Complaint; from city court of Atlanta—Judge Reid.   May 26, 1926.

The action was on purchase-money notes of Waits, the defendant, to the plaintiff for a city lot described in the plaintiff's deed to the defendant as "commencing at the northeast corner of York Place and State Street," and as extending a stated distance "along the north side of York Place," "York Place being a thirty-foot street," etc.   A plea filed by the defendant alleged that the land was sold to him by the plaintiff according to a plat in which it was similarily described, and that afterwards the plaintiff "sold the property represented by York Place upon said plat; that the same has been filled up, and that a new street, known as York Place, has been opened up thirty feet from defendant's lot;" "that he purchased the aforesaid property for business purposes, and was induced to purchase the same by reason of the fact that it was a corner lot, and therefore suitable for business purposes, and that by reason of the change in York Place the value of the property purchased by this defendant has depreciated to the extent of $1,-000."   The plea concludes as follows:   "Defendant files this his plea of a partial failure of consideration to the extent of $1,000, and shows to the court that he is entitled to a deduction of the aforesaid amount of $1,000 as against the purchase-money notes sought to be enforced in this action."

The defendant demurred to the plea, on the following grounds: (1) No legal defense is set forth.   (2) It is not shown how the purchaser of the property represented by York Place acquired any title superior to the defendant's title, or acquired any title or right to said street when, as alleged, the plaintiff sold the street. (3) Said answer does not show the description of the property that defendant claims plaintiff sold, or to whom plaintiff sold it,

Recoupment, Set-Off and Counterclaim, 34 Cyc. p. 704, n. 67, 69.
Vendor and Purchaser, 39 Cyc. p. 1958, n. 21.

or when he sold it, or who filled up the street, or who opened up the alleged new street. Defendant ought to show what deed or contract of sale plaintiff made, and ought to describe what he sold, if anything. Defendant fails to show how and in what particular he is damaged by the alleged sale, or that he is damaged by it, or that he is damaged at all by plaintiff's alleged conduct. By amendment the plaintiff demurred further as follows: "Plaintiff's case is a suit ex contractu and the defense set up is a claim founded on an alleged tort, alleged to have been committed after the execution of the notes sued on. The defendant's answer is not properly a plea of failure of consideration as therein alleged, but is in reality a set-off or recoupment based on an alleged tort, and such damages can not under the law be pleaded against a suit arising ex contractu."

*W. O. Wilson*, for plaintiff in error, cited: 95 *Ga.* 97; 131 *Ga.* 489; 55 *Ga.* 76; 83 *Ga.* 212; 93 *Ga.* 765; 134 *Ga.* 288; 135 *Ga.* 299; 10 *Ga. App.* 660; 29 *Ga. App.* 4; 90 *Ga.* 416, 427.

*Mitchell & Mitchell*, contra, cited: 19 C. J. 932, 935; 143 *Ga.* 104; 137 *Ga.* 325; 131 *Ga.* 489; 146 *Ga.* 694; 137 *Ga.* 325; 124 *Ga.* 929; 116 *Ga.* 376; 69 *Ga.* 456; Civil Code (1910), 4198-9, 4214; 59 *Ga.* 610 (2); 73 *Ga.* 657; 119 *Ga.* 926; 114 *Ga.* 923, and cit.; Park's Code, § 4340, and cit. under "Ex contractu action;" 90 *Ga.* 416; 110 *Ga.* 392; Civil Code, § 4351; 134 *Ga.* 288, and 10 *Ga. App.* 660, distinguished.