## 53544. THOMPSON v. FIRST NATIONAL BANK & TRUST COMPANY IN MACON.

BANKE, Judge.

The appellee brought suit against the appellant for the amount due on a note. The appellant defended on the grounds of equitable estoppel and accord and satisfaction. From a grant of the appellee's motion for summary judgment, the appellant appeals.

The appellant was the vice president of Rivers & Horton Industries, Inc., hereinafter called "Rivers." Rivers desired to purchase a block of its outstanding stock for the price of $100,000. In order to purchase the stock, Rivers began negotiations to borrow the money from the appellee bank, through which it had received extensive financing in the past. It was discovered that Rivers' heavy indebtedness to the appellee was a legal impediment to the loan. Therefore, a plan was arranged by which the appellee would lend $25,000 apiece to the appellant and three other corporate officers of Rivers. Rivers, in turn,

would receive the money in exchange for $25,000 notes payable to the appellant and his three fellow officers and a security interest in the block of stock to be purchased. The deal was ultimately consummated, and the appellant gave a note for $25,000 to the appellee in exchange for the cash, which was used by the corporation.

1. On March 2, 1975, two years after the appellant signed the original note (which was subsequently renewed several times), Windham Power Lifts, Inc., a wholly owned subsidiary of Rivers, needed a substantial infusion of capital. At that time, the appellee bank had a first lien on Rivers' Windham stock as a security for its many loans to Rivers. A complex agreement was reached whereby money would be loaned to Windham by Scott Hudgens Realty & Mortgage, Inc. The appellee agreed to release its security interest in the Windham stock, in exchange for an interest in the collateral by which Scott Hudgens secured its loan to Windham.

The appellant contends that the transaction between Windham, Rivers, Scott Hudgens, and the appellee bank amounted to an accord and satisfaction, releasing the appellant from liability on the $25,000 note which he had signed. We find this contention to be without merit. The appellant and appellee, acting either by themselves or through third parties did not by this subsequent agreement extinguish the debt represented by the $25,000 and substitute it with another agreement. Code § 20-1201.

2. We must reverse the judgment below, however, based on the appellant's claim of equitable estoppel. The appellant alleges that he was induced to sign the $25,000 note by the repeated assurances of Mr. Frank Dillard, an officer of the appellee bank, that he would not be personally liable on the note, but that the appellee would look to Rivers for payment. The appellant further alleges that Mr. Dillard fraudulently misrepresented the appellee's intentions to hold the appellant harmless in order to induce the appellant to sign the note. Thus, he claims that the appellee is estopped to deny that the appellant is not liable. Construing the disputed facts in favor of the appellant, as we must do on a grant of summary judgment (*Tipton v. Harden,* 128 Ga. App. 517

(4) (197 SE2d 746) (1973)), we hold that sufficient facts were alleged to establish a defense to the appellee's suit on the note.

Under the facts as contended by the appellant, the appellee bank through its agent, Mr. Dillard, did not act in good faith in taking the instrument from the appellant. Code Ann. § 109A-1—201 (19) (Ga. L. 1962, pp. 156, 161, as amended). Thus, the appellee is not a holder in due course of the note. Code Ann. § 109A-3—302 (1)(b) (Ga. L. 1962, pp. 156, 252). Under Code Ann. § 109A-3—306 (b) (Ga. L. 1962, pp. 156, 255), the appellee took the instrument subject to all defenses of the appellant which would be available in an action on a simple contract. Thus, fraud in the inducement is a valid defense to suit on the note. *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855 (229 SE2d 765) (1976); see Code § 20-502; *House v. Martin,* 125 Ga. 642 (1) (54 SE 735) (1906); *Epps v. Waring,* 93 Ga. 765 (20 SE 645) (1894); *Loyless v. Hesse Envelope &c. Co.,* 10 Ga. App. 660 (1) (74 SE 90) (1912).

This case is not like those cited by the appellee in support of its contention that a bank officer is without authority to state that the institution will not hold its debtors to their debts. E.g., *Swindell & Co. v. Bainbridge State Bank,* 3 Ga. App. 364 (5) (60 SE 13) (1907). The case sub judice does not deal with questions of the scope of Dillard's authority to perform certain acts. Instead, *fraudulent* actions of Mr. Dillard within the scope of his authority (the making of loans) are herein held to affect the appellee bank's status on the instrument.

As a matter of law the appellee bank on summary judgment cannot escape the effects of its agent's action based on the parol evidence rule or the rule that promises concerning the future may not serve as the foundation for an estoppel. *Lewis v. C. & S. Nat. Bank,* supra, (2).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 14, 1977 — REHEARING DENIED MAY 3, 1977 — 

*Sell, Comer & Popper, Ed S. Sell, III, Vivian*

*Davidson Egan,* for appellant.
*Jones, Cork, Miller & Benton, Timothy K. Adams, Rufus D. Sams, III,* for appellee.