58525. GRAVITT v. POSEY et al.

McMURRAY, Presiding Judge.

This is a wrongful death action brought by the mother of a six-year-old female child who was killed when she and defendant's son were playing in defendant's van and a loaded pistol left there by defendant was discharged. The jury returned a verdict in favor of the defendant, and the plaintiff appeals, contending that the trial court erred in failing to grant plaintiff's motion for mistrial.

The only witness to the incident was defendant's son who was five years of age at the time. When plaintiff called defendant's son to testify, defense counsel, in the presence of the jury, stated: "Now, Your Honor, with respect to the testimony of Israel Posey I ask simply that the Court take every possible step to protect this child from mental injury by reason of this courtroom proceeding. He has been subpoenaed twice, a six (6) year old child, for court and we have produced him and he is out there in the witness room now, and certainly we are not telling the Court that we do not want him to testify or that we are afraid of anything that he is going to say or that we are trying to cover up anything, but I simply ask the Court to recognize that a child of age six (6) —." Plaintiff's counsel objected and moved for mistrial. The trial court subsequently instructed the jury in regard to these remarks by the defense counsel, instructing the jury that defense counsel's remarks were not proper, should not have been made in the presence of the jury and instructed

the jury to absolutely disregard those remarks and not let them in any way influence their decision. The jury was instructed to indicate by raising their hands if they felt that they could not take the remarks out of their minds and not consider them. None of the jurors raised their hands in response to this request that they indicate any inability to comply with the court's instructions. The plaintiff's counsel subsequently renewed his motion for mistrial, and the trial court overruled this motion. *Held:*

"Improper remarks made by counsel in argument to the jury may be corrected by the court by proper instructions to the jury, and in extreme cases by the further device of rebuking the offending counsel, or if the offense is so great as to render it likely that the harmful effects thereof cannot be removed by proper instructions and by a rebuke of counsel, then the court may grant a mistrial. However, the trial court has a wide discretion in granting or refusing to grant a mistrial in such cases, and unless it is manifest that a mistrial was essential to the preservation to the right of a fair trial, the appellate courts should not interfere with the proper exercise by the trial judge of this discretion. *Spence v. Dasher,* 63 Ga. 430 (2); *Manchester v. State,* 171 Ga. 121, 132 (7) (155 SE 11); *United Motor Freight Terminal Co. v. Hixon,* 78 Ga. App. 638 (2) (51 SE2d 679)." *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601 (3), 606 (106 SE2d 535). Due to the absence of any manifest indication that the trial court's instructions were inadequate to preserve plaintiff's right to a fair trial, we hold that the trial court did not abuse its discretion in denying plaintiff's motion for mistrial.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED SEPTEMBER 26, 1979 — DECIDED OCTOBER 15, 1979.

*David G. Archer,* for appellant.
*William E. Cetti,* for appellees.