### 60228. MORGAN v. HAWKINS et al.

BIRDSONG, Judge.

Appellant Morgan, a real estate broker and developer, sold a house to Mr. and Mrs. Hawkins, for which the Hawkins executed a promissory note in the amount of $13,500. The purchase price of the house was $54,900, but the Hawkins traded or exchanged other

---

equities for all but the amount of the note. The Hawkins paid nothing on the note and when foreclosure was threatened, filed a complaint against Morgan alleging fraud in the inducement of the note. Morgan answered, and filed a counterclaim setting up the execution of the note and the default thereunder and demanding judgment therefor. Morgan was denied a summary judgment to which he claimed he was entitled inasmuch as the Hawkins admitted in pleading the execution of the note. The jury returned a verdict for the plaintiff in the amount of $7,000 special and general damages and $1,500 punitive damages. Morgan's appeal attributes eight errors to the proceedings below. *Held:*

1. Appellant Morgan ascribes error to the trial court's denial of his motions for summary judgment, directed verdict and judgment nov on his counterclaim, and the denial of his motions for directed verdict and judgment nov on the Hawkins' claim. He urges this court to accept as law the principle that where there is no issue of fact as to execution and default of an obligation, the payee is entitled to a judgment on the obligation regardless of any defenses, claims, or counterclaims interposed by the maker against the obligation. This proposed principle is apodictically without merit. Failure of consideration and fraud in the inducement of the contract are good defenses to the enforceability of the obligation (Code Ann. §§ 20-305, 20-310, 20-502; 37-709). *House v. Martin,* 125 Ga. 642, 644-645 (54 SE 735); *Thompson v. First Nat. Bank,* 142 Ga. App. 174, 176 (235 SE2d 582). Morgan was not entitled to judgment based merely on the fact that the execution and default of the note were admitted, nor did the pleadings and the evidence at trial entitle him to a verdict. The jury was authorized to conclude from the evidence that artful, false and fraudulent representations and concealment of material facts concerning serious leakage problems in the house, were practiced upon the Hawkins, by and through which they were induced to purchase the house and execute a promissory note therefor and moreover that because of the serious leakage problems, unknown to the Hawkins, there was a failure of consideration for the obligation. *House v. Martin,* supra, pp. 644-645.

The testimony of the parties was in conflict, but its resolution was for the jury and we will not disturb the verdict unless it is insupportable as a matter of law. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293); *Harris v. State,* 236 Ga. 242 (223 SE2d 643); *Lewis v. State,* 149 Ga. App. 181 (254 SE2d 142); and see *Lanier Petroleum v. Hyde,* 144 Ga. App. 441, 442 (241 SE2d 62); *Crosby Aeromarine v. Hyde,* 115 Ga. App. 836, 838 (156 SE2d 106). The Hawkins testified that neither Morgan nor the sales agent, Ms. Clarke, told them about the severe leakage problems in the house. Months before, while

driving in an unfamilar part of town, they had been amused by a sign put up in front of a house by its owner "telling the world" that the house leaked "running water" and that a lawsuit was pending. Later, when the Hawkins inquired concerning a home purchase from Morgan, with whom they had dealt before, Morgan's agent showed the Hawkins this house. As the previous owner had moved, there was no sign, and the Hawkins had completely forgotten having seen such a sign. In fact, they did not connect the sign with this house until after they had bought it and Morgan mentioned the sign in the course of their own problems with leakage. While looking over the house with an eye to purchase, Mrs. Hawkins questioned Ms. Clarke about the off-color basement tile, but was told that the lighting was distorting the color. The Hawkins saw putty or glue and a knife and were told that some tile had been replaced, and that the walls had been freshly painted to get the house ready to show. Other evidence showed that Morgan had in fact been sued by the previous owner because of the leakage. Morgan had had some landscaping done and removed a large rock which he thought would solve the problem, but the evidence indicated that the problem had obviously not been solved and Morgan apparently made no other efforts to cure it before selling the house to the Hawkins. On some occasions when it rained in a particular way, water would seep in a mysterious fashion into the walls and onto the first floor and stand in puddles. It would soak the walls of a closet until they turned to mush; everything in the closet was ruined. The house kept a terrible odor. Several inches of water would collect in the basement floor and on at least two occasions, Mrs. Hawkins had to use a water pump to remove it. Furniture and carpets were ruined. The Hawkins called Mr. Morgan when they first discovered that they "had bought a swimming pool" but, although he visited the house and commiserated, he did nothing to correct the problem and continued to dun the Hawkins for the monthly payments. Under this version of the evidence, which we must assume in deference to the verdict (*Georgia-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747 (266 SE2d 531)), the evidence is sufficient to support a verdict for fraud in the inducement of the contract and failure of consideration.

In addition to a full and fair charge on actual and constructive fraud (see Code Title 37-7 generally), the jury was properly charged that while a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the other's representations; and was further charged as to fraud by concealment of intrinsic qualities. The jury found the requisite elements of fraud in the evidence and where there is evidence to

support the verdict, it is not for us to say otherwise. *Clark v. Aenchbacher,* 143 Ga. App. 282 (238 SE2d 442); *Georgia Intl. Life Ins. Co. v. King,* 120 Ga. App. 682, 685 (172 SE2d 167).

2. Appellant urges that there were no aggravating circumstances in the case to support an award for punitive damages. It was a jury question whether the evidence in this case evinced in the seller such "wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care" which would indicate a conscious indifference to the consequences, such that the imposition of punitive damages was justified. Code Ann. § 105-2002; *Deavers v. Standridge,* 144 Ga. App. 673, 676 (242 SE2d 331). Moreover, the evidence here shows that Morgan could not but be well aware that the leakage problem in this house was serious enough to drive the previous owner from the house and result in litigation between himself and the owner. Regardless whether Morgan had attempted to cure the problem before selling the house to the Hawkins, the jury could, and obviously did, conclude that Morgan should have advised the Hawkins of these facts and that his failure to do so was wilful misconduct and concealment, or amounted to fraud or such conscious indifference to the consequences of the same, as to support an award for punitive damages.

3. In his seventh enumeration of error, appellant Morgan contends it was error to deny appellant's motion for mistrial based on a "highly inflammatory and prejudicial" question posed to the appellant by appellees' counsel. The question was, "Mr. Morgan, how many times have you appeared before the Georgia Real Estate Commission?" Immediate objection was made and appellant never answered the question. Before overruling the motion for mistrial, the trial judge admonished the jury to "remove any thought whatsoever of this question," and instructed, "you will not consider this [question] in your deliberations." We see no cause to reverse this case on the basis of this alleged taint. The trial court has wide discretion in granting or refusing to grant a mistrial in such cases, and unless that discretion is manifestly abused, this court will not interfere with the ruling. *Bullock v. Bullock,* 244 Ga. 538 (261 SE2d 331); *Gravitt v. Posey,* 151 Ga. App. 796 (261 SE2d 740). Moreover, while we cannot say the other evidence in this case demands the verdict (*Thigpen v. Batts,* 199 Ga. 161 (33 SE2d 424)), it is clear that the other evidence does support the verdict, and it therefore cannot be said that the effect of the question itself was manifestly prejudicial to the appellant so as to require a reversal or that the denial of a mistrial on the basis of this improper question resulted in an unfair trial (*Gravitt,* supra).

4. Finally, appellant urges that the trial court erred in excluding

certain proffered testimony elicited from Mr. Hawkins. The testimony was to the effect that before he was represented by counsel and before he filed suit against Mr. Morgan, Hawkins in response to a letter from Morgan's attorney concerning the default went to Morgan's attorney's office and suggested that if Morgan would let him stay on the property for thirty additional days, he (Hawkins) would then move and deed the property back to Morgan. There was additional testimony that Mr. Hawkins had asked or thought he asked for some of his equity back. Appellant urges that this testimony constitutes an admission of liability by Mr. Hawkins and was not a proposition made with a view to compromise so as to be inadmissible under Code Ann. § 38-408 (see, e. g., *Flannagan v. Clark,* 207 Ga. 345 (61 SE2d 485)). The discussion and arguments of counsel and the ruling of the trial court were apparently made off the record, for nothing appears in the record to indicate a ruling or that exception or objection was made thereto. Nevertheless, we disagree with the analysis offered by the appellant. Giving the appellant every benefit of his argument, this evidence does not constitute an admission of liability which would negate the fraud of Mr. Morgan or the absence of consideration, and was not an admission that Mr. Hawkins' claims were not good. It was at best a proposition, made to the appellant's attorney, with a view to compromise the apparently imminent litigation which Mr. Morgan had implied with his threatened foreclosure and retention of counsel. As such, the testimony was properly excluded.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED
SEPTEMBER 24, 1980.

*Jerry L. Minge,* for appellant.
*Richard J. MacLeod,* for appellees.