A08A0506. JOCELYN CANYON, INC. et al. v. LENTJES et al.
(664 SE2d 908)

PHIPPS, Judge.

Bryan Lentjes and Anobi, Inc. sued Jocelyn Canyon, Inc. and Sharon and Douglas Alexander for defaulting on a promissory note. Jocelyn Canyon and the Alexanders denied any indebtedness to Lentjes and Anobi and counterclaimed for fraud and wilful misrepresentation. The trial court granted a directed verdict to Lentjes and Anobi on their contract claim but submitted the fraud and wilful misrepresentation counterclaims to the jury.[1] The jury found in favor of Lentjes and Anobi, and the trial court entered judgment on that

---

[1] The trial court also directed a verdict against Jocelyn Canyon and the Alexanders on their claim under the Georgia RICO Act and on a $6,000 claim based on unlicensed software. Those rulings are not challenged on appeal.

verdict. Jocelyn Canyon and the Alexanders appeal, claiming that the trial court committed reversible error by directing a verdict on the breach of contract claim. We agree and reverse.

In October 2003, Lentjes and Anobi contracted to sell the assets of an internet services business known as Web Connect to Jocelyn Canyon for $115,000. Jocelyn Canyon paid $80,000 at closing and executed a promissory note for the remaining $35,000. The Alexanders personally guaranteed the amount owed under the promissory note. Before the remaining $35,000 was due, the parties agreed to delay payment on $20,000 of that amount, without penalty. When Jocelyn Canyon and the Alexanders failed to pay any of the $35,000, despite demand, Lentjes and Anobi filed suit against them for that amount, plus interest and attorney fees. In their answer, Jocelyn Canyon and the Alexanders asserted the defenses of fraud and failure of consideration, among others. They also asserted counterclaims for fraud and wilful misrepresentation for which they ultimately sought damages totaling $211,000, and further sought punitive damages.

At trial, Jocelyn Canyon and the Alexanders presented evidence to support their claim that Lentjes had not accurately disclosed the financial condition of Web Connect in response to their due diligence questions regarding the business. Sharon Alexander testified that in March 2004, she notified Lentjes by letter that she had experienced several unanticipated problems that Lentjes had apparently known about or anticipated but not disclosed — computer failures, the loss of a large account due to overbilling, discovery of deceptive billing by Lentjes, and cash flow inconsistent with the financial statements provided — and that she felt Lentjes had misled her and as a result she had dramatically overpaid for the business. She then discovered numerous e-mails from Lentjes showing that, prior to the sale, business was very slow and cash flow was so poor that he was not drawing a salary and was using his personal funds to pay expenses. Other e-mails showed questionable unemployment claims supported by Lentjes and questionable accounting practices designed to enable Lentjes to sell the company for a higher price.

After the evidence was closed, the trial court granted a directed verdict to Lentjes and Anobi for the unpaid principal of $35,000, plus interest and attorney fees. The trial court then explained its actions to the jury:

> In this case the plaintiff[s] filed a claim for breach of contract alleging that under a valid contract that they had with the defendants that the defendants owed them certain monies or duties under that contract. That amount was $35,000, which not only [have the] plaintiff[s] proved was

owed under the contract but defendant[s] admitted has not been paid under the contract. So, that becomes a non-issue to the Court. . . . [The defendants] have affirmed that the contract existed and the terms were such as were set out in the contract and that they have not paid pursuant to the contract. Therefore, there's nothing for a jury to decide regarding plaintiffs' claims against the defendant[s] in this case. So, I have directed a verdict in the amount of $43,290.56 as to plaintiffs' claims in this case. Now we have to deal with the counterclaims in this case, so this has really turned into a case — now that I have granted that, it has now turned into a case strictly regarding these counter-claims, which are extensive in this case, made by the defendants against the plaintiff[s] as counterclaimants. And so that is what ultimately will go to the jury in this case. The other you will not have to decide, because I've already decided that; the law is clear on that. And then if you ultimately — I say if because that's strictly up to you; if you ultimately grant any of the defendants' counterclaim and if that amount exceeds the amount of $43,290.56, then the plaintiffs would be entitled to what's called a setoff against that amount, because they have already won on their main claim.

Jocelyn Canyon and the Alexanders claim that the trial court erred by granting a directed verdict on the breach of contract claim. They argue that the fraud issue was central to their defense to the breach of contract claim *and* their counterclaims and that by granting the directed verdict, the trial court confused the jury regarding the merits of their fraud allegations, thereby thwarting their efforts to prevail on their counterclaims. Thus, they seek a retrial of the breach of contract, fraud and wilful misrepresentation issues.

A directed verdict is authorized only when there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions there-from, shall demand a particular verdict. . . . A grant of directed verdict can only be upheld where we determine that all the evidence demands that verdict. This requires a de novo review.[2]

---

[2] *Carden v. Burckhalter*, 214 Ga. App. 487, 488 (1) (b) (448 SE2d 251) (1994) (citations, punctuation and emphasis omitted).

The trial court directed the verdict because Sharon Alexander admitted that the amounts sought under the note remained unpaid, despite the fact that she and the other defendants had asserted both defenses and counterclaims to the breach of contract claim. But "fraud in the inducement of the contract [is a] good defense[ ] to the enforceability of the obligation."[3] Lentjes and Anobi were not entitled to a directed verdict on their breach of contract claim merely based on the fact that "the execution and default of the note were admitted."[4] Jocelyn Canyon and the Alexanders presented evidence from which a jury could conclude that they were fraudulently induced to purchase the business. Thus, the trial court erred by directing a verdict in favor of Lentjes and Anobi on the breach of contract claim. We cannot conclude that the error was harmless.

The evidence Jocelyn Canyon and the Alexanders presented to support their fraud defense also supported their counterclaims for damages.[5] By directing the verdict on the breach of contract claim, the trial court essentially told the jury that, notwithstanding their fraud defense, Jocelyn Canyon and the Alexanders were required to pay the full purchase price for the business. Although the court then instructed the jury to consider the counterclaims, we cannot conclude that the directed verdict and explanation thereof did not influence the jury's findings on the viability of the fraud and misrepresentation counterclaims and the recoverable damages.[6] Jocelyn Canyon and the Alexanders are therefore entitled to a new trial on the breach of contract, fraud and wilful misrepresentation claims.

*Judgment reversed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JULY 9, 2008.

*Robertson, Bodoh & Nasrallah, Morgan M. Robertson*, for appellants.

---

[3] *Morgan v. Hawkins*, 155 Ga. App. 836, 837 (1) (273 SE2d 221) (1980).

[4] Id.

[5] See generally *Ekeledo v. Amporful*, 281 Ga. 817, 819 (1) (642 SE2d 20) (2007) (party alleging fraudulent inducement to enter contract has option of affirming contract and suing for damages from fraud or breach or of promptly rescinding contract and suing in tort for fraud).

[6] Cf. *Starks v. Robinson*, 189 Ga. App. 168, 170 (3) (375 SE2d 86) (1988) (any error in directing verdict was harmless without showing that jury was influenced to reduce plaintiff's recovery or that plaintiff was otherwise jeopardized).

*Dillon & Davis, Trace M. Dillon*, for appellees.