THOMAS WYNNE and WIFE, plaintiffs in error, vs. JAMES H. ALFORD, executor, defendant in error.

When enough appears upon the face of a bill, to suggest to the Court that the complainant is entitled to relief, provided the proper allegations were made, leave will be granted for that purpose.

In Equity, from Richmond county. Decision on demurrer, by Judge HOLT, July, 1859.

This was a bill filed by Thomas Wynne and Cecelia, his wife, by her next friend, against James H. Alford, executor of Guilford Alford, deceased.

The bill alleges, that Thomas Wynne, one of the complainants, being indebted to the said Guilford Alford, in his lifetime, the sum of $1,500 00, executed to him a mortgage on three negroes, to-wit: Amanda, Alfred and Rachel, to secure the payment of said debt—the slaves being worth $2,500 00. That the debt not being paid at maturity, the said Guilford foreclosed said mortgage, and levied his mortgage fi. fa. upon said slaves. That the said Guilford promised the said Cecelia, that upon the sale of said negroes, he would become the purchaser, and upon realizing upon a resale of Alfred and Rachel, a sum sufficient to pay off and satisfy his debt, he would make a trust settlement of Amanda

and her issue, on said Cecelia, to her sole and separate use for life, remainder to her children.

The bill further alleges, that the said slaves were sold for $2,125 00, they being worth $2,500 00, and that Alfred and Rachel were worth, and should have been sold for, an amount sufficient to satisfy the said indebtedness and interest. That Amanda was sent by said Guilford, after said sale, back to said Cecelia, where she has remained ever since, and has had two children. That the said Guilford, in his lifetime, and the said defendant, his executor, since his death, refused and neglected to make said settlement upon complainant and her children, and the defendant has instituted his action of trover, for the recovery of the slave Amanda and one of her children. The bill prays that the action at law be enjoined, &c.

To this bill defendant demurred, and for cause of demurrer, assigned—

1st. That there was no equity in the bill, and that under its allegations, complainants were not entitled to relief.

2d. For want of consideration for the alleged promise and agreement.

3d. That said agreement, as set up in the bill, is void under the statute of frauds.

The Court sustained the demurrer, and dismissed complainants' bill. To which decision counsel for complainants excepted.

Wm. Gibson; and J. C. & C. Snead, for plaintiffs in error.

Millers & Jackson, contra.

By the Court.—Lumpkin J. delivering the opinion.

As the bill in this case stands, it is defective in two particulars.

It fails to charge distinctly that there was a contract between the parties to the effect, that Alford should buy in the

three negroes, under his mortgage foreclosure, and after crediting the execution with the value of two of them, to-wit: Alfred and Rachel, and payment should be made to him of the balance of his debt by Wynne and wife, he would settle upon Mrs. Wynne, to her separate use for life, with remainder to her children, the girl Amanda.    And that Wynne, the husband, was a party to the contract.

We affirm, therefore, the judgment of the Court below, with leave to the complainants to amend the bill, as suggested, provided they can do so.

Judgment affirmed.