JAMES ALLEN, plaintiff in error, *vs.* THOMAS N. GIBSON, defendant in error.

That a defendant paid too much for land is no defense to notes given for the purchase money, where he had opportunity of examination, even though he acted upon the representations of the plaintiff and another.

Vendor and purchaser. Sales. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1874.

For the facts, see the decision.

Allen *vs.* Gibson.

MARION BETHUNE, by E. H. WORRILL, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant on two promissory notes for $712 95. To this action the defendant pleaded that the notes were given for eighty-two acres of land adjoining defendant; that plaintiff and one Castleberry fraudulently combined to cheat defendant, by representing to him that the land was worth $15 00 per acre, when it was worth only $4 00 per acre, and thus induced him to purchase the land at the former price, and divided the two notes between themselves. The plaintiff demurred to the defendant's plea, the court sustained the demurrer, and the defendant excepted. It appears from the record that the land purchased was *adjoining* the land of defendant, and there is no pretence that he was prevented, or did not have ample opportunity to examine the land and see for himself what it was worth before he purchased it. If he thought proper to rely upon the representations of the plaintiff and Castleberry as to the value of the land to him, instead of examining and looking at the land with his own eyes before he purchased it, he has no one to blame for his credulity and folly but himself; the courts will not relieve him: *Tindall vs. Harkinson,* 19 *Georgia Reports,* 448. There was no error in sustaining the demurrer to the defendant's pleas.

Let the judgment of the court below be affirmed.