### 1780.   BRIDGES v. PAFFORD.

HILL, C. J. 1. A bought from B a house and lot, and at the time of the purchase, in reply to A's question, B informed him that the property was not leased for any definite period, but was occupied by a tenant at will. Relying upon the truth of this statement, A was induced to buy the property. The property was in fact under lease for a definite period, and A could not get possession thereof until the expiration of the lease. B, when he made the statement to A that the house was not under a definite lease, knew that this statement was untrue, and it was made for the purpose of deceiving A and inducing him to buy the property. A brought suit against B to recover damages for deceit, alleging the foregoing facts, and also alleging that the property had a rental market value of $20 per month, but that the tenant, under the existing lease, was only paying $13 per month. *Held:* (1) The allegations made a cause of action for deceit. (2) The measure of damages, under the allegations, is the difference between the rental market value of the property and the amount of rent actually paid by the tenant under his lease.

2. The court did not err in overruling the demurrer. *Judgment affirmed.*

44

Action for damages, from city court of Douglas—Judge Roan. February 26, 1909.

The petition alleged, that on July 24, 1907, the plaintiff purchased from the defendant through the defendant's husband, who was acting as her agent in the transaction, a house and lot known as the Summerlin Hotel and premises, for $1,500, paying $1,000 in cash and $500 in the following December. This purchase was made by the plaintiff, as was known to the defendant and her agent, for the purpose of a residence and of engaging in the hotel business January 1, 1908. Petitioner, at the time of the purchase, knew that the property was occupied by a tenant, and made special inquiry of the agent of the defendant at that time as to the length of the tenant's lease and the amount of rent that was being paid, and was informed by the agent that the tenant was paying $13 per month rent, that there was no special contract of lease, and that the petitioner could get actual possession of the property at any time he desired. After petitioner had paid for the property and had made preparations to move and take possession thereof, he was requested by the agent of the defendant to permit the tenant to retain possession of the property until Januuary 1, 1908; to which petitioner consented. Petitioner gave notice to the tenant that he would want possession of the property January 1, 1908, and was thereupon informed by the tenant that he had a lease upon the property which would not expire until the following July, and he declined to yield the possession of the property until the expiration of the lease. Petitioner, on investigation, found this statement of the tenant to be true. If he had known that he could not get possession of the property on January 1, 1908, he would not have made the purchase. He relied upon the statement of the husband and agent of the defendant relative to the lease of the property; and he charges that the statement made to him by this agent was a wilful misrepresentation of a material fact, made for the purpose of inducing him to purchase the property. He alleges that the property is worth $20 per month for the purpose for which it was purchased by him, and that by the deceit practiced upon him by the agent of the defendant he has been injured and damaged in the sum of $20 per month from January 1, 1908, to August 1, 1908, making a total of $140. He sues also for $50 attorney's fees, on the ground that the de-

fendant, through her agent, acted in bad faith in the transac-. tion, and put him to unnecessary expense and delay in the employment of counsel in bringing the suit.

The defendant demurred generally to the petition, and also demurred specially on the grounds that the petition shows that the plaintiff did not use proper diligence in making the purchase; that there is nothing in the petition to show why he did not make inquiry of the tenant in possession, or why he was forced to rely on the statement of the party with whom he was dealing; and that if he was entitled to recover at all, the measure of damages would be the difference between the rental value of the property at the time of the purchase and the amount of rent he actually received therefor. The claim for attorney's fees was also demurred to. The demurrers were overruled, and the defendant excepted.

*Lankford & Dickerson,* for plaintiff in error.

*B. T. Allen, Levi O'Steen,* contra.