### PARROTT *v.* SMITH, and *vice versa.*

1. The court did not err in overruling the plea in abatement, it appearing that the former suit, the pendency of which was relied on as a basis for the plea in abatement, was not for the same cause of action nor between the same parties.

2. A paragraph of the plaintiff's petition, in which it is attempted to charge fraud, but where there are no specific allegations of acts of

fraud to show its existence, should be stricken upon special demurrer attacking the paragraph for its indefiniteness.

3. Where a stock of goods was sold to a husband under a contract of purchase, and the wife's money was used to discharge the husband's obligations for the purchase of the same, and the vendor knew that the money with which payment was made by the husband was the proceeds of a part of the separate estate of the wife, this was a payment of the husband's debt by the wife, although the sale was made for a cash consideration and the delivery of the goods and the payment of the money therefor were concurrently made; and upon a suit therefor the wife could recover from the vendor the amount thus paid.

NOVEMBER 16, 1910.

Complaint. Before Judge Gilbert. Taylor superior court. December 2, 1909.

*O. M. Colbert, W. W. Dykes,* and *Carson & McCutchen,* for plaintiff. *W. D. Crawford,* for defendant.

BECK, J. Mrs. G. V. Parrott brought suit against L. H. Smith to recover $2,650, which sum of money was the proceeds of a part of her separate estate and which she alleged that her husband used in the payment of his debt to L. H. Smith, and that the defendant knew that this money so used belonged to petitioner and was the proceeds arising from the sale of her property. It was alleged that after certain negotiations were had in reference to the sale by Smith of a stock of goods to C. W. Parrott, the sale and purchase of the stock of goods was agreed upon, it being understood that at the time of the delivery of the goods the purchase-price should be paid. At the first trial of the cause there was a verdict in favor of plaintiff, which was set aside and a new trial granted. Upon the second trial the jury rendered a verdict in favor of the defendant. The defendant filed a plea in abatement, on the ground that the plaintiff was not entitled to have and maintain her suit, "for that on the 10th day of December, 1904, there was filed in said superior court of Taylor county a suit or petition in favor of said plaintiff against this defendant; that said suit is between the same parties, in the same court, and involving the same issue, subject-matter, or cause of action as this suit; and that the same was pending at the time of filing of the above stated suit, and the same is pending in said court, undetermined." The plea in abatement was, after hearing the evidence, overruled; and to this ruling exception was taken. The defendant also filed a demurrer to the petition, on several grounds, which was overruled, and he excepted. He answered that

he was paid the sum of $2,650, as alleged, for a stock of goods, but that this sum was a cash consideration for said stock paid simultaneously with the delivery of the stock of goods, according to the contract for the sale of the goods, and that he did not receive the sum in payment of any debt of C. W. Parrott. The defendant also denied that he knew that the money paid him by C. W. Parrott was the proceeds of the sale of plaintiff's property, and denied as well all allegations in the petition charging fraud and collusion between petitioner's husband and the defendant.

1. The court did not err in overruling the plea in abatement. It appears, from examination of the record of the case which constituted the basis of the plea in abatement, that the former suit was brought by C. W. Parrott to recover damages of L. H. Smith, sustained in consequence of fraudulent representations made by the latter as to the character of the stock of goods and the value of certain fixtures and accounts which were included in the contract of sale and purchase alleged to have been made between the plaintiff and the defendant. To that petition the defendant filed an answer, denying the charges of fraud and misrepresentation, and denying that he had ever traded with C. W. Parrott or sold him a stock of goods; but alleging that he sold them to Charles W. Parrott and Mrs. G. V. Parrott jointly, and that after being paid $2,650, C. W. Parrott and Mrs. G. V. Parrott executed and delivered to him their joint promissory note for $1,256.70, and that Mr. and Mrs. Parrott were also indebted to him jointly on account in the sum of $169.89. He prayed that Mrs. G. V. Parrott be made a party plaintiff to the petition, and that he have judgment against them for the amount of the note and their open account. Mrs. G. V. Parrott was made a party plaintiff, as prayed.

It is evident from a statement of the former suit that it was not between the same parties nor for the same cause of action as the case of Mrs. G. V. Parrott against L. H. Smith. In the latter case the wife is seeking to recover from the defendant a sum of money which she alleges is the proceeds of the sale of her separate property, alleging that her money had been used and paid by her husband upon his debt to the defendant, who had knowledge of the facts; while the former suit, as already stated, was brought by the husband, C. W. Parrott, to recover damages sustained in consequence of fraud and misrepresentations of the defendant, L. H. Smith, in

regard to the character and quality of the goods and the value of certain fixtures and choses in action; Mrs. Parrott being made a party plaintiff at the prayer of the defendant in order that he might enforce against both the husband and wife a judgment based upon the open account and promissory note upon which, as he contended, the plaintiffs were jointly liable.

2. The 7th paragraph of the petition charges the practice of fraud by means of "a colorable scheme" planned and executed by the defendant, Smith, and the husband of the plaintiff, but sets forth no facts showing fraud or the existence of a colorable scheme; and the court should have sustained a special demurrer criticising this paragraph of the petition on the ground that it "alleges fraud but sets forth no specific acts of fraud." The other grounds of special demurrer were properly overruled.

3. While there are numerous grounds of the motion for a new trial, none of them show ground for reversal of a judgment refusing a new trial, nor merit special attention, except those dealing with the portions of the court's charge, which, in effect, deny a right to the plaintiff to recover in case it should appear that the delivery of the stock of goods to C. W. Parrott, the husband of plaintiff, upon the completion of the inventory, and the payment of the agreed purchase-price were to be concurrent acts. It is evident, from those portions of the charge which deal with this phase of the case, that the court below was of the opinion that if the wife's money derived from the sale of her separate estate was used by the husband to pay for the goods under a contract made for their purchase at the time of the delivery, no debt existed upon his part to the vendor of the goods, within the meaning of the term "debt" as used where the law prohibits the use of the wife's money or property to discharge the debt of the husband. Thus the court charged: "If a contract of purchase was made, and under the terms of the contract, referring now to the contract in question testified about, if under the contract, under the terms of that contract, the title remained in Smith until the purchase-price was paid, then Parrott owed no debt to Smith, and the plaintiff can not recover unless there was undue influence. It is for you to say, however, what was the contract, and whether Parrott received the goods and created a debt before the payment of the money; or whether it was coincident, or at the same time." This view of the law was erroneous; and so

much of the charge of the court as contained instructions em-
bodying this view of the law was harmful error as against the
plaintiff. We express no opinion as to whether the evidence or
the preponderance of the evidence shows that C. W. Parrott indi-
vidually bought the stock of goods, or whether it was sold jointly
to C. W. Parrott and his wife; but if it was sold to C. W. Parrott
individually and not as·agent of his wife, and C. W. Parrott used
his wife's money to pay for the goods so purchased, and the vendor
had knowledge of the fact that the money thus paid was the prop-
erty of the wife, a part of her separate estate, then such a payment
was to discharge a debt of the husband with the wife's property, and
the vendor would be liable upon suit by the wife to recover the
money so paid. *Chappell* v. *Boyd*, 61 *Ga.* 662.

*Judgment reversed on each bill of ·exceptions. All the Justices
concur.*