## HAMILTON *v.* DUVALL, administrator.

FISH, C. J. 1. A married woman brought suit to recover land for which she had made a conveyance to the defendant. She set up that the conveyance was made to pay a debt of her husband, and that it was without consideration. The uncontradicted evidence showed, that it was not a conveyance to pay any existing debt of the grantor's husband; but that the transaction was an exchange of lands by which she conveyed certain land to the defendant and he conveyed other land in return; that his conveyance was not made directly to her, but that she agreed that it should be made to her husband so that he might control it; and that by his direction the deed was made to himself and another constituting a firm, instead of having it made directly to him and then making a deed from himself to the other member of the firm. There was also evidence by the plaintiff and her husband, showing that the real cause of the controversy was the contention that the person with whom she made the exchange made misrepresentations in regard to the existence or amount of incumbrances on the land held by him. *Held,* that the evidence did not warrant a recovery by the plaintiff on the theory that she conveyed her land to the defendant to pay the indebtedness of her husband.

(*a*) This case differs from that of *Parrott* v. *Smith,* 135 *Ga.* 329 (69 S. E. 552), where a husband bought a stock of goods for himself, agreeing to pay the purchase-price upon delivery of the goods, and where with the knowledge of the vendor he used money belonging to his wife to pay the indebtedness thus incurred by him for the purchase-price. In that case there was an indebtedness by the husband for the purchase-price of the goods bought by him, and the use of the wife's funds to pay such indebtedness or obligation of the husband. The mere fact that the delivery of the goods and the payment of the purchase-price were to be made concurrently did not prevent the indebtedness for such sum from being his indebtedness. In the instant case, the evidence did not show

purchase of property by the husband for himself, with an indebtedness therefor on his part, but rather an exchange of property between the wife and the defendant, although the husband aided in making the negotiations, some of the discussion as to the transaction being between him and the defendant, but the actual trade being closed by the husband and wife and the defendant together, and the wife agreeing to the exchange and making the deed.

(b) If there was any scheme or device between the husband and the defendant by which the husband was to make a purchase and use the property of the wife in payment of the indebtedness for the purchase-price thus created by him, the evidence in this case did not disclose such a transaction.

2. There was sufficient evidence to furnish a basis for the charge on the subject of whether there was intention on the part of the wife to give the property to her husband, and under the facts this charge furnished no reason for granting a new trial.

3. If there were fraudulent representations made to the husband and wife in regard to incumbrances on the property for which she made the exchange, with proper action in due time, a rescission might be had. But under the evidence in this case the wife was not, because of such misrepresentations if they existed, entitled to recover the land which she had conveyed in the exchange, on the ground that it was conveyed to pay a debt of her husband, or that there was no consideration therefor, and at the same time she and her husband remain upon the land for which the exchange was made, and have her husband and his partner retain the title to and the possession of the land so received.

4. It was erroneous to admit in evidence the statement by the husband to the person with whom the exchange of the wife's property was made, which statement was not made in the wife's presence or communicated to her, to the effect that the husband had transferred his property to his wife in order to keep his creditors from getting it. The presiding judge, however, instructed the jury that it was immaterial, so far as the issues in this case were concerned, how the title got into the wife, and that, even though the title may have been placed in her by her husband for the purpose of avoiding the payment of his debts, the title would nevertheless be in her and she would have the right to dispose of and handle the property or to recover it on the strength of such title. In view of such instruction, and under the facts disclosed by the evidence, the admission of the evidence mentioned did not require the grant of a new trial.

(a) Under the pleadings and the evidence, there was also an inaccuracy in the charge touching the use of a wife's property to pay debts of her husband with knowledge of the creditor; but under the rulings above made, this furnished no cause for a reversal.

> *Judgment affirmed.   All the Justices concur.*
> SEPTEMBER 21, 1914.

Complaint for land.   Before Judge George.   Wilcox superior court.   August 9, 1913.

*M. B. Cannon* and *Haygood & Cutts,* for plaintiff.

*Hal Lawson,* for defendant.