9830.   WALDON v. STOKES.

1. "False representations relating to easements or appurtenances to land, affecting its value, which were made by the owner of such land to another with intention to deceive, and which actually did deceive him to his injury, and induce him to purchase the property for more than its value, will give a right of action of deceit to the vendee against the vendor, when the falsity of such representations could not have been

ascertained by an examination of the premises purchased." *Fenley* v. *Moody,* 104 *Ga.* 790 (30 S. E. 1002).

2. The court did not err in overruling the certiorari.

DECIDED FEBRUARY 12, 1919.

Certiorari; from Fulton superior court—Judge Bell. April 1, 1918.

*Evins & Moore, Bachman & Simmons,* for plaintiff in error.

*W. F. Buchanan,* contra.

BLOODWORTH, J. In the municipal court of Atlanta Mrs. S. McA. Stokes sued A. H. Waldon, alleging in part that she purchased from him three vacant lots in the City of Atlanta; that he represented to her "that Forrest & George Adair had an agreement with the City of Atlanta by which the City of Atlanta was to lay chert paving on Catherine street in front of said lots, without charge whatever against the person or persons owning said three lots, nor against said three lots; that your petitioner relied on the said representations as being true, and, partly because of the value of said representations, did purchase of defendant the said lots at a price of $2,700; that recently petitioner discovered that there was no such agreement between Forrest & George Adair and the City of Atlanta by which the said city was to gave the street without charge against the property owners; that the City of Atlanta has paved the street and levied on the said three lots an assessment of $210.95, which is a legal charge and lien against said property; that the defendant willfully misrepresented to petitioner the alleged agreement between Forrest & George Adair and the City of Atlanta, for the purpose of inducing petitioner to purchase the said land, and that said representation was fraudulently-made, with intent to deceive petitioner, and did deceive her into purchasing the said land, and that petitioner has, as a result, been damaged in the sum sued for; that your petitioner has paid the full purchase-price of the said property." The defendant filed a general demurrer and a plea. The plea denied all the paragraphs of the petition, except the one alleging that the defendant lived in Fulton county. The plea further alleged that "The promise alleged in said petition was a promise to answer for the debt, default, or miscarriage of another. . . . Said promise was not in writing, signed by the defendant, the party sought to be charged therewith, or by any person by him lawfully authorized." The case was tried by Judge Rosser, who rendered judgment for the plaintiff; a motion for a new trial was

overruled, and an appeal was taken to the appellate division of the municipal court, which division "rendered a final judgment in said case, affirming the judgment of the lower court and denying defendant a new trial." The defendant sued out certiorari; the certiorari was overruled, and he excepted.

The principle announced in the first headnote controls this case, and the headnotes do not need elaboration.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*