10912.   LESTER *v.* BANK OF ADRIAN.

JENKINS, P. J.   1. Misrepresentations as to an existing and material fact, amounting to fraud, when made either by a principal or through his agent, whereby another is induced to enter upon an obligation in writing, may, as between the parties, be alleged and proved, if not inconsistent with the writing, not as being an attempt to add to or vary the terms of the written instrument, but as a means of showing its in-

validity. *Loyless* v. *Hesse Envelope & Lithographing Co.,* 10 *Ga. App.* 660 (74 S. E. 90); Civil Code (1910), § 4623; Clark on Contracts, 2d ed.), paragraphs 227-8.

2. The court erred in refusing to admit in evidence the testimony offered under the plea whereby it was sought to establish fraud in the procurement of the note, and in thereafter directing a verdict for the plaintiff. See *Daniel* v. *Burson,* 16 *Ga. App.* 39, 41 (84 S. E. 490).

> *Judgment reversed. Stephens and Smith, JJ., concur.*
> Decided April 7, 1920.

Complaint; from city court of Dublin — Judge Flynt. September 10, 1919.

The Bank of Adrian, for the use of the payees, sued the maker on the last of a series of five promissory notes. The contention that the holder of the note was a bona fide purchaser was admittedly not made. The consideration of the note was for the part purchase of a certain tract of timber described in a contemporaneous written instrument of sale. The defendant pleaded fraud in the procurement of the note, in that the plaintiff had guaranteed that the premises contained at least 200,000 feet of available timber, whereas not more than 25,000 feet existed; and that in order to effect the sale and induce the signing of the notes, the plaintiff falsely and fraudulently represented that the land was ordinarily dry swamp land, and that, although it was then temporarily covered with water, such condition was unusual and would not continue longer than a period of two or three days, whereas in fact, as the plaintiff then knew, the land was not dry swamp land temporarily overflowed, but stood continually under water, so as to prevent the removal of the timber bargained for. There was no demurrer to the plea. The trial judge refused to admit testimony offered in support of the allegations of fraud, and directed a verdict for the plaintiff.

*S. P. New,* for plaintiff in error.