### Tucker *et al.* v. Ingram.

Atkinson, J. 1. If a man individually and in his own behalf makes a purchase of realty for which he pays a small amount in cash, and also, as a part of the consideration, contemporaneously delivers a deed signed by his wife, which purports to convey directly to the vendor other realty constituting her separate estate, valued at a stated amount, and also delivers to the vendor his individual promissory notes for the balance of the purchase-price, and at the same time in his individual name receives from the vendor a bond for title to the land so purchased, and if the vendor, at the time of receiving the deed signed by the woman, knows that the property therein described is her separate estate and that she is the wife of the vendee, the conveyance by the wife of her separate estate would amount to a payment of her husband's debt, and she can subsequently repudiate the sale and maintain an action against the vendor for recovery of the land or its value. *Parrott* v. *Smith*, 135 *Ga.* 329 (3) (69 S. E. 552).

2. The evidence was sufficient to support the verdict for the plaintiff; and the alleged newly discovered evidence was not of such character as to require the grant of a new trial.

3. This case is not controlled by the ruling in *Hamilton* v. *Duvall*, 142 *Ga.* 432 (83 S. E. 103), in which the uncontradicted evidence showed that the husband was not the purchaser, but that the wife was the purchaser. In this case the evidence on that question was contradictory, and its weight was for consideration by the jury.

*Judgment affirmed. All the Justices concur.*

No. 6487.   FEBRUARY 16, 1929.

*B. P. Gaillard Jr.* and *Hooper Alexander,* for plaintiffs in error.
*A. W. Vandiviere* and *J. G. Collins,* contra.