### 23371. OLIVER et al. v. O'KELLEY.

STEPHENS, J. Plaintiffs sold to the defendant a tract of land for $900. $200 was paid in cash and the defendant executed his note for the remainder of the purchase-money. The plaintiffs stated to the defendant that there was nothing against the title, and that a person living upon the premises was merely their tenant, and that they would get him off the premises at once. Relying upon these statements, the defendant entered into the trade. After the consummation of the trade the defendant ascertained that the person so occupying the premises was not the tenant of the plaintiffs, but was claiming to hold the same under a contract of purchase from the plaintiffs. The defendant went to the plaintiffs about this and was informed by them that the matter would be attended to at once. Defendant discovered that there was a security deed of $400 outstanding against the premises. He then went to the plaintiffs and asked for his money and note back or for the plaintiffs to give him free and clear possession of the land. The plaintiffs then instituted dispossessory proceedings against the person occuying the lands, but allowed the proceedings to be dismissed for want of prosecution on their part. Defendant paid two years' taxes on the land, and had the holder of the lien against the premises, which was a security deed, to postpone the time for the payment thereof. The defendant could not get possession of the premises. About one and a half years from the date of the transaction, and several months after the purchase-money note was due, the plaintiffs instituted suit against the defendant on said note. The defendant defended upon the ground that the consideration of the note had failed, and that the note had been obtained by means of false and fraudulent representations of the plaintiffs as to the title to the land and the occupancy of the same by said person in possession thereof. The jury returned a verdict for the defendant against the plaintiff for the amounts which the defendant had paid on the purchase-price and had paid for taxes. The plaintiffs' motion for new trial was overruled, and they excepted. *Held:*

1. Any misrepresentation intended to deceive and which does deceive is a fraud, for which a party is entitled to a remedy at law. *Floyd* v. *Boss,* 174 *Ga.* 544, 545 (163 S. E. 606). Where the owner of land represented to the purchaser that there was no encumbrance against the premises sold, thereby inducing him to purchase it, and it was found later to be encumbered, this constituted a fraudulent misrepresentation for which relief will be given the purchaser. *Crutchfield* v. *Danilly,* 16 *Ga.* 432; *Peel* v. *Bryson,* 72 *Ga.* 331; *Hamilton* v. *Duvall,* 142 *Ga.* 432 (3) (83 S. E. 103); *Benson* v. *May,* 149 *Ga.* 555 (101 S. E. 177).

(a) In a suit by the seller for the purchase-money of land the defendant purchaser is entitled to plead that he was not put in possession of the premises and that the seller was guilty of false and fraudulent representations as to the existence of liens on the premises, and, upon proof of such facts, a verdict in his favor is authorized. *Turner* v. *Ware,* 2 *Ga. App.* 57 (5 S. E. 310); *Loyless* v. *Hesse Envelope &c. Co.,* 10 *Ga. App.* 660 (74 S. E. 90); *Lester* v. *Bank of Adrian,* 25 *Ga. App.* 116 (102 S. E. 846); Civil Code (1910), §§ 4114, 4409, 4410, 4621, 4622, 4623.

(b) The fact that the outstanding security deed may have been properly recorded would not affect the case. The purchaser, believing the representations as to the non-existence thereof to be true, had the right to rely upon the positive statement of the vendor to that effect. *Benson* v. *May*, supra; *Fenley* v. *Moody*, 104 *Ga*. 790, 792 (30 S. E. 1002).

2. Where in such a suit the defendant resists the payment of the purchase-money note and further seeks to recover back the amount of the purchase-money paid by him on the purchase-price at the time the trade was entered into, and also the amount of certain taxes paid by him on the bargained premises prior to the institution of the suit, the effect of the plea amounts to setting up a rescission of the contract between the parties. This is permissible in the city court in the action on the note given for the purchase-money. *Houser* v. *Savannah Electric Co.*, 9 *Ga. App.* 766 (72 S. E. 276).

3. It is a rule that where it is sought to rescind at the instance of the party defrauded, he must act promptly upon the discovery of the fraud. Whether the aggrieved party has acted with reasonable promptness depends upon the nature of the transaction and the circumstances attending it; and it is generally a question for the jury to determine. Mere delay in asserting his right to a rescission does not ipso facto constitute a waiver of the fraud. Delay does not necessarily operate as a waiver unless superior rights of third persons have intervened, and may be excused where the status of the parties has not been changed. See *Davis Sewing Machine Co.* v. *Crutchfield*, 117 *Ga.* 873 (45 S. E. 228); *Equitable Bldg. & L. Asso.* v. *Brady*, 171 *Ga.* 576, 584 (156 S. E. 222).

4. In the instant case it appears that the suit for the balance of the purchase-money was brought within about a year and a half from the date of the execution of the note, which was due in one year, and that the defendant, in resisting such action, set up fraud and false representations on the part of the plaintiffs, which are alleged to have induced him to make the trade. It further appears, however, that soon after the execution of the sale agreement, the defendant ascertained the perpetration of the alleged fraud, and immediately proceeded to get the plaintiff to rectify the wrong by putting him in possession of the premises, as contemplated by the agreement, or upon their failure to do so to return the amount of the purchase-money which he had paid. It appears that various negotiations continued between the parties pending the time the agreement of sale was executed and the institution of this suit, and that plaintiffs agreed to rectify the wrong. There is evidence to authorize the jury to find that pending the entire negotiations the defendant did not acquiesce in the wrong which he sets up by his plea, but insisted throughout that the alleged wrong should be rectified, or that his money should be returned. Accordingly, the jury were authorized to find that there was no acquiescence or waiver on the defendant's part, such as would prevent him from setting up the failure of consideration, the false and fraudulent representations, and a rescission of the contract.

5. The rule that "A purchaser of land, who is in possession, can not have relief in equity, against his contract to pay, on the mere ground of a defect of title, without a previous eviction" *Mallard* v. *Allred*, 106 *Ga.*

503 (32 S. E. 588), is not applicable in a case like the one at bar, where the defendant purchaser was not put in possession and was induced to purchase the bargained premises by reason of false and fraudulent misrepresentations on the part of the plaintiffs as to the condition of the title thereto. See *Martin* v. *Atkinson*, 7 *Ga.* 228 (50 Am. D. 403); *Coffee* v. *Newsom*, 2 *Ga.* 442.

6. It was not error to admit in evidence the contracts under which the person in possession of the land held the same from the plaintiffs, as illustrating his possession as being that of a person under a contract to purchase the land.

7. It was not error, over objection urged by the plaintiffs, that all the pleadings in the proceedings to dispossess the person in possession under a warrant to dispossess were not introduced in evidence, to admit in evidence the counter-affidavit made and filed by the person in possession, in response to a warrant to dispossess him, in which he swore that his possession was not that of tenant but was that of owner of the land.

8. The verdict was authorized. The court did not err in overruling the plaintiffs' motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 2, 1934.

*Oliver & Oliver, Hammond Johnson,* for plaintiffs.
*Wheeler & Kenyon,* for defendant.