28738.   PRESSLEY *v.* JONES *et al.*

DECIDED FEBRUARY 24, 1941.

*Wheeler & Kenyon,* for plaintiff.  *Alton G. Liles,* for defendants.

SUTTON, J.  This was an attachment proceeding by W. J. Pressley against Mrs. Ida Jones and Roy Jones.  It was alleged in the declaration in attachment as amended, that the defendants, acting by and through their duly authorized agent, negotiated with the plaintiff to sell him a certain house and lot in Duluth, Georgia, and represented to the plaintiff that the water supply on said premises was amply sufficient for the use of the tenants in the house located thereon, and also for the purpose of the filling-station then in operation on the premises, and stated that they had never had any trouble with the water supply or the well or the pump connected therewith, and that the same had always been satisfactory and furnished an ample supply of water for the purposes aforesaid; that the plaintiff was particularly interested in the water supply, and inquired of the defendants especially with reference thereto, for the reason that the main inducement for him to purchase the property was in order that he might operate the filling-station and keep satisfactory tenants in the residence on the premises, and an adequate supply of water was absolutely necessary for both of these purposes; that the defendants represented filling-station had been and was then handling and selling on an average 4000 gallons of gasoline per month and was enjoying a good business, that two of the rooms in the residence were rented for $8 per month, that the tenants were satisfied and wanted to continue renting the said rooms at the same price, and that the entire residence on the property would easily rent for $20 per month; that the plaintiff believed and relied on the foregoing representations made to him by the defendants, and was induced thereby to purchase the property for the sum of $3200; that after purchasing it he learned that the said representations were false and fraudulent, and that the defendants knew that they were false and fraudulent and made

them to the plaintiff for the purpose of inducing him to purchase the property in question; that the plaintiff relied on the said representations and because thereof did purchase the property to his injury and damage as alleged; that after purchasing the property and taking possession of it he found that the water supply was absolutely inadequate and had been for a long time before his trading for it; that after endeavoring in every way possible to remedy the situation and obtain an adequate water supply from the well and the pump then in operation, and failing to do so, he was compelled to dig a new well and install a new pump, etc., at a cost of $831.63, an itemized statement thereof being set up in an amendment to the declaration; that an adequate water supply for the premises in question at the time of the trade would have been at least 16,000 gallons per month, whereas the actual water supply on the said premises at that time was not more than 800 gallons per month; that the fair market value of the property at the time of the purchase would have been at least $3500 if the representations as made to the plaintiff by the defendants had been true, but the actual fair market value of the said property at that time was only $2668.37, that is, $831.67 less than it would have been had the said representations made by the defendants to the plaintiff with respect to the said property been true; and that the plaintiff had not been able to sell more than 2400 gallons of gasoline per month at the filling-station since the purchase of the property. He alleged certain items of damage on account of the loss in rents on the house and the filling-station, because of the inadequate water supply on the premises.

Mrs. Ida Jones filed general and special demurrers to the declaration, and Roy Jones made a motion to dismiss the action. The court sustained the demurrer and the motion to dismiss. The exception is to that judgment.

We are of the opinion that the allegations of the declaration set out a cause of action, and that the court erred in dismissing the action. It was alleged that the defendants knowingly made certain false and material representations to the plaintiff about the property which they were proposing to sell to him, and that he, believing and relying on such representations, was thereby induced to purchase the property to his injury and damage as therein alleged. The Code, § 105-302, provides: "Wilful misrepresentation of a material fact,

made to induce another to act, and upon which he does act to his injury, will give a right of action." But the defendants contend that the declaration fails to set out a cause of action, because the plaintiff could have ascertained for himself the true condition of the property before buying it, without relying on the alleged representations of the defendants, and they cite authorities to the effect that when the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser fails to avail himself of such means, he will not be heard to say in impeachment of the contract that he was deceived by the representations of the seller. This is a well-settled principle of law, but it is without application to the facts alleged in the declaration in the present case, so far as rendering such declaration subject to general demurrer. The plaintiff here could not determine the sufficiency of the water supply, which was under ground and obtained by a pressure pump, by an examination of the premises. He alleged that the main inducement for him to purchase the property was that he might operate the filling-station and keep satisfactory tenants in the dwelling on the premises, and that an adequate water supply was necessary for both of these purposes. He alleged that the defendants knowingly made material false representations to him that the water supply on the property in question was ample for the purposes just mentioned, that he relied on such representations, and was induced thereby to purchase the property to his injury and damage. It was also alleged that certain other false and fraudulent representations concerning the property were made to the plaintiff by the defendants, as set out in the above statement of facts.

Under the allegations of the declaration the plaintiff, by a physical examination of the property, could not have ascertained or determined for himself the falsity of the alleged representations of the defendants. It was held in *Griffin* v. *Butler,* 45 *Ga. App.* 771 (166 S. E. 60), where the plaintiff was induced to purchase a house by false representations, knowingly made by the defendants, that the house was constructed of first-class material, when in fact the lumber of which the floors were made was not of first-class material and was not all right, but was infected with a certain insect, that a cause of action was set out, based on false representations knowingly made by the defendants and on which the plaintiff was induced to

act to his damage. It was said in *Lester* v. *Bank of Adrian,* 25 *Ga. App.* 116 (102 S. E. 846) : "Misrepresentations as to an existing and material fact, amounting to fraud, when made either by a principal or through his agent, whereby another is induced to enter upon an obligation in writing, may, as between the parties, be alleged and proved." In *Fenley* v. *Moody,* 104 *Ga.* 790 (30 S. E. 1002), it was said: "A party can not close his eyes to a defect in a thing purchased, so patent that by mere inspection he could have ascertained its existence; but we are not aware of any rule of law, or decision of any court, that goes to the extent of saying that one who has been imposed upon by a deceitful and false statement can have no relief unless, before acting upon such a statement, he had exhausted all means at his command to ascertain its truth. This would be, in effect, holding that scarcely under any circumstances will relief be granted to one who has been the victim of misplaced confidence in his fellow-man." . . "Every essential element of an action of deceit is embodied in the declaration now under consideration. There was a wilful misrepresentation of a material fact; knowledge by the defendant of the false statement, which was made with the intention to deceive, which actually did deceive the plaintiffs, and which was acted upon by them to their injury." See also *Walters* v. *Hagan,* 53 *Ga. App.* 547 (186 S. E. 563). Clearly, the declaration as amended set out a cause of action as against general demurrer. The court erred in dismissing the action.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*