30423. STOVALL v. RUMBLE.

DECIDED APRIL 8, 1944.

*Roy S. Drennan,* for plaintiff in error. *Augustine Sams,* contra.

SUTTON, P. J. Darden Rumble sued C. D. Stovall for damages. The petition was brought in 2 counts. Count 1 alleged in substance, that on or about July 17, 1943, the plaintiff, acting through his wife, agreed to purchase from the defendant certain real estate and improvements thereon consisting of a six-room brick-veneer house; that on July 29, 1943, under the previous agreement of July 17, made with the defendant through his real-estate agent, the defendant executed a deed conveying the property and improvements to the plaintiff; that prior to the sale and in order to induce the plaintiff to purchase the property, the defendant represented that the property was in good physical condition, meaning the physical condition of the house and repairs; that such representations were made with the intention of conveying information to the plaintiff as to the physical condition and soundness of the premises; that in these representations the defendant said the house was in perfect condition, and that the floors were good and nothing was wrong. In count 1 it was further alleged that the ground floor of the house was only slightly elevated above the surface of the ground, so that it was impossible for the plaintiff to go under the house and inspect the condition of the sills, joists, pillars, sleepers, and other wooden material going into the structure; that the plaintiff in the exercise of ordinary diligence could not inspect those portions of the house above referred to because of the nearness of the floor to the ground; that later, the defects and conditions complained of were found to exist under the house, and were concealed by the house itself; that at the sale they should, by the exercise of ordinary prudence, have been known to the seller and revealed by him to the plaintiff; that after moving his furniture into the house, the plaintiff discovered, by reason of the weight of the furniture and by the walking of individuals over the floor, that the floor did not seem to be rigid; that it was necessary for one accustomed to building or working in close places to crawl under the house be-

neath the flooring, sleepers, sills, and other wooden parts of the house to discover their condition; that the sills of the house were found to have been placed below the point where they would normally be found, as indicated by the outside brick construction, and were so near the ground that in places they had been cut in the installment of ventilators; that in places the sills touched the ground, and in other places were within two inches of the ground; that since the execution of the deed, the plaintiff has learned that the house, at the time the representations and sale were made by the defendant, was infested with termites and dry rot, which had eaten into the joists, sills, sleepers, flooring, and pillars, destroying their usefulness under certain portions of the house; that approximately ninety-five feet of the sills were so affected; that it would cost $595 to remove the debris between the ground and the floor of the house, remove the dirt therefrom so that there would be eighteen inches between the ground and the floor structure, replace the damaged foundation, install a ventilator, and treat the dirt area beneath the house and the infested parts of the house with chemicals to destroy and prevent termites; that the plaintiff had lost the use of the northwest bedroom, of the value of $10 a month from the date of the purchase, July 29, 1943, because of the weak condition of the floors as above set out; that with reasonable diligence the plaintiff could not have discovered the above conditions; that the representations made by the defendant deceived the plaintiff and caused him to believe the condition of the house to be good throughout; and that the plaintiff was thus induced to purchase the premises, and was injured and damaged as set forth above. ' Judgment was sought in the sum of $1615. Count 2 alleged in substance that under the written contract between the parties, the taxes were to be prorated as of August 7, 1943; and that under this agreement, the defendant was indebted to the plaintiff in the sum of $38.13, and judgment was sought in that amount.

The defendant demurred specially to count 1 upon the ground that it did not set out a cause of action, because the petition alleged that the defects were not patent, but were latent and impossible to ascertain; because there was no allegation to make the defendant, by the exercise of ordinary care, chargeable with notice of such defects; because the allegation that the defendant in the exercise of ordinary care should have known of the defects, was a conclusion

of the pleader without any facts alleged to support same; because it was not alleged that the defendant had actual knowledge of the defects which were latent; because the action was based in tort for fraudulent representations, and the representations were not specifically and definitely set forth; because the representations alleged to have been made by the defendant were of such a character as to require the plaintiff, in the exercise of ordinary care, to have ascertained the true conditions existing at the house, and it was not alleged that the plaintiff was prevented from ascertaining the conditions which existed at the house; because no copy of the alleged contract of sale or the deed given in pursuance thereof was set out. There were also several special demurrers which will be dealt with later. The demurrers to count 2 were expressly abandoned by the plaintiff in error.

The defendant filed an answer, admitting that on or about July 17, 1943, the plaintiff, acting through his wife, agreed to purchase the real estate and improvements thereon from him, and that on July 29, 1943, pursuant to said agreement, he executed a deed conveying the premises to the plaintiff. He denied the other allegations of the petition. For further plea and answer, the defendant set up that he purchased the premises approximately seven months before the sale to the plaintiff, and that if the defects alleged by the plaintiff existed, they were unknown to the defendant, and were not patent but were latent defects, of which he had no knowledge, and which he had not and could not have discovered by the exercise of ordinary care and diligence; that the plaintiff inspected the premises before purchasing the same, and had the same inspected by other persons unknown to the defendant, who made no representations of any kind to the plaintiff, but merely invited him to inspect the premises, and afforded him ample opportunity to do so. In paragraph 5 of his answer to count 1, the defendant alleged: "Further answering count 1 of the petition, this defendant says that the contract for the sale of the property was in writing, and contained a stipulation as follows: 'It is expressly understood and agreed between the parties hereto that this contract as signed by them constitutes the sale and entire agreement by them, and no modification of this contract shall be binding upon either party, unless in writing, signed by them, and attached hereto; and no representation, statement, or inducement, except as herein noted,

shall be binding upon either party or agent.' A copy of said contract is hereto attached to this answer, designated as Exhibit A, incorporated and made a part of same by reference." The plaintiff demurred specially to paragraph 5 of the answer upon the ground that the allegations set up no matter of defense, and were irrelevant and immaterial; and demurred to the paragraph and moved to strike Exhibit A upon the ground that the allegations were irrelevant and immaterial and did not set out a defense to the plaintiff's action, and prayed that paragraph 5 and Exhibit A be stricken. The trial judge sustained the demurrer as to the quoted provisions of paragraph 5, but overruled the demurrer and refused to strike the paragraph with reference to the exhibit, and stated: "The court being of the opinion that said Exhibit A could be admitted in evidence for a limited purpose." The defendant excepted pendente lite to the order sustaining the demurrer to the quoted portion of this paragraph, and in the bill of exceptions assigned error thereon.

The exception here is to the judgment overruling the general and special demurrers to count 1, and to the judgment sustaining the special demurrer to that portion of paragraph 5 of the answer, above quoted.

■ ˙ The petition alleged in substance that the seller of realty falsely represented to the purchaser that the house located thereon was in good physical condition; that the house was not in good physical condition, but was "infested with termites and dry rot which had eaten into the joists, sills, sleepers, flooring, and pillars, destroying their usefulness" under certain portions of the house; that the seller knew or should have known in the exercise of ordinary prudence that the representations were false; that the purchaser relied on the representations to his injury and damage in the sum of $1615; and that the purchaser could not have ascertained for himself the falsity of the representations because of the manner in which the house was constructed. In *Pressley* v. *Jones,* 64 *Ga. App.* 419 (13 S. E. 2d, 394), it was held: "The declaration in attachment, alleging that the seller of realty knowingly made material false representations to the purchaser about the property being sold, and that the purchaser, by a physical examination of the property, could not have ascertained for himself the falsity of the alleged representations, and that he relied on and was induced by such representations to purchase the property in question, to

his injury and damage in an alleged amount, set forth a cause of action." In *Griffin* v. *Butler,* 45 *Ga. App.* 771 (166 S. E. 60), it was ruled that a petition which alleged that the plaintiff was induced to purchase a house by a false representation made by the defendants, that the house was constructed of first-class material, that number - one lumber was used throughout the house, and that the lumber was all right, when in fact the lumber of which the floors were constructed was not number - one lumber; that the flooring was infested with an insect called lyctus powder-post beetle which had bored through the flooring and had ruined the floors; that the defendants knew of the true condition of the floors, including the presence of the lyctus powder-post beetle, but that the plaintiff was ignorant thereof; and which sought damages in the sum expended by the plaintiff in the amount of the costs of replacing the defective flooring, set out a cause of action. In this connection, also see the Code, § 37-703; *Bridges* v. *Pafford,* 6 *Ga. App.* 689 (65 S. E. 700); *Cline* v. *Nelson,* 46 *Ga. App.* 600 (168 S. E. 70); *Fenley* v. *Moody,* 104 *Ga.* 790 (30 S. E. 1002). It was held in *Davis* v. *Hopkins,* 50 *Ga. App.* 654 (179 S. E. 213): "The court did not err in charging that if there was a concealed defect in the lot, known to the seller, or which by the exercise of ordinary prudence should have been known by him, and which an ordinarily prudent examination would have discovered, the seller was bound to reveal it to the purchaser." Questions of fraud and the truth and materiality of representations made by a seller to a purchaser, and whether or not the plaintiff could have discovered the falsity of the representations by the exercise of ordinary diligence, are usually for the jury, and the court will not solve them on demurrer, except in plain and indisputable cases. In this connection, see *Georgia Fruit Growers* v. *Vaughn,* 45 *Ga. App.* 17 (2) (163 S. E. 221); *Summerour* v. *Pappa,* 119 *Ga.* 1 (45 S. E. 713); *Briesenick* v. *Dimond,* 33 *Ga. App.* 394 (126 S. E. 306). In the present case, the allegations of fraud were alleged sufficiently to withstand the general demurrer, a cause of action was set out, and the court did not err in overruling the general grounds of the demurrer to count 1 of the petition.

2. The defendant demurred specially to paragraphs 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, and 15 of count 1 of the petition. Paragraph 2 was demurred to upon the ground that it was not alleged

whether the agreement to purchase was oral or written, and if written because a copy was not attached to the petition. Paragraph 3 was demurred to upon the ground that a copy of the deed was not attached. Paragraphs 4, 5, 6, 10, 11, 12, 13, 14, and 15 were demurred to upon the ground that the allegations were irrelevant and immaterial. The suit was one in tort based on fraud and deceit, and it was not necessary to attach copies of the agreement and deed referred to in the petition. In this connection, see, *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2) (75 S. E. 418); *Steele* v. *Graves,* 160 *Ga.* 120 (3) (127 S. E. 465); *Rhodes* v. *Industrial Finance Corporation,* 64 *Ga. App.* 549, 553 (13 S. E. 2d, 883). The special demurrer to paragraph 9 of count 1, that the conditions "at the sale . . should, by the exercise of ordinary prudence, have been known by the seller and by him revealed to plaintiff," were mere conclusions of the pleader, is without merit. *Davis* v. *Hopkins,* supra. "Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged." *Busby* v. *Marshall,* 3 *Ga. App.* 764 (60 S. E. 376). The other grounds of special demurrer were without merit, and the court did not err in overruling the demurrer.

◼ The assignment of error on the exceptions pendente lite to the judgment sustaining the special demurrer to the quoted portion of paragraph 5 of the defendant's answer can not now be considered. "While a defendant in an action may before its final determination bring to this court for review a decision overruling a demurrer to the plaintiff's petition because the 'judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause,' such defendant can not, in a bill of exceptions sued out in such a case, properly except also to a decision striking his answer or a portion thereof." *Turner* v. *Camp,* 110 *Ga.* 631 (2) (36 S. E. 76). For other cases holding the same, see *Vanzant* v. *First National Bank,* 164 *Ga.* 772 (139 S. E. 537); *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622 (46 S. E. 831); *Cox* v. *Hardee,* 135 *Ga.* 80 (68 S. E. 932); *Armor* v. *Stubbs,* 150 *Ga.* 520 (104 S. E. 500); *Butler* v. *Godley,* 51 *Ga. App.* 784 (181 S. E. 494); *Wright* v. *Morris,* 50 *Ga. App.* 196 (177 S. E. 365).

◼ The exceptions to the overruling of the demurrers to count 2 of the petition, having been expressly abandoned by counsel for

the plaintiff in error in his brief, will not be considered.

*Judgment affirmed. Felton and Parker, JJ., concur.*