40409. WHITEN v. ORR CONSTRUCTION COMPANY, INC.

DECIDED MARCH 5, 1964.

*James M. Embry, Ezra M. Sasseville,* for plaintiff in error.
*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain,* contra.

PANNELL, Judge. While the doctrine of caveat emptor applies to the sale of realty, and there are no implied warranties as to title or the physical condition of the property sold and ordinarily a purchaser buys at his own risk, *Walton v. Petty,* 107 Ga. App. 753, 131 SE2d 655, this strict rule has been modified in a number of instances where fraud has been involved; as to title, where fraudulent representations are made, *Rice v. Warren,* 91 Ga. 759 (2) (17 SE 1032), *Holliday v. Ashford,* 163 Ga. 505 (136 SE 524); fraudulent representation as to encumbrances, *Leyden v. Hickman,* 75 Ga. 684, *Oliver v. O'Kelley,* 48 Ga. App. 762 (173 SE 232); false representations as to easements and appurtenances, *Waldon v. Stokes,* 23 Ga. App. 428 (1) (98 SE 367), *Fenley v. Moody,* 104 Ga. 790 (30 SE 1002); fraudulent representations as to quality of land sold, *Smith v. Kirkpatrick,* 79 Ga. 410 (2) (7 SE 258), *Estes v. Odom,* 91 Ga. 600 (18 SE 355); false representations as to type of tenancy, *Bridges v. Pafford,* 6 Ga. App. 689 (65 SE 700); false representations as to boundary, *Duncan v. Bailey,* 162 Ga. 457 (134 SE 87), *Puckett v. Reese,* 203 Ga. 716 (48 SE2d 297); false representations as to quality of lumber in house, *Griffin v. Butler,* 45 Ga. App. 771 (166 SE 60); false representations as to water supply, *Pressley v. Jones,* 64 Ga. App. 419 (13 SE2d 394); fraudulent concealment or nondisclosure of large sewer on the premises resulting in damage to house constructed thereon and to the land itself, *Davis v. Hopkins,* 50 Ga. App. 654 (179 SE 213). It appears from the report of this case in *Hopkins v.*

*City of Atlanta,* 172 Ga. 254, 257 (2) (157 SE 473) that Davis was charged with acts of fraud. An examination of the record in this court discloses that the petition charged that Davis knew of the location and existence of the sewer in a ravine on the lot; that he filled and covered it to a depth of 25 to 30 feet and planted grass on the fill; that the existence of the sewer was a fact material to be known by the plaintiff Hopkins, and that the defendant Davis was under an obligation to communicate this fact and that the failure to communicate constituted a suppression of facts amounting to legal fraud. The charge in that case, based upon the allegations of fraud and evidence in proof thereof was approved by this court. The charge is as follows: "I charge you, gentlemen, if there is a concealed defect in the lot known to the seller or which, by the exercise of ordinary prudence should have been known by him and which an ordinarily prudent examination would have discovered, the seller is bound to reveal it to the purchaser."

To the extent that the seller has actual knowledge of the defect, we are in accord with the rule made in the case of *Davis v. Hopkins,* 50 Ga. App. 654, supra. There have been some other cases decided by this court involving instances of sales of real estate where there have been either false representations or concealment and recoveries have been allowed. *Stovall v. Rumble,* 71 Ga. App. 30 (29 SE2d 804); *Southern v. Floyd,* 89 Ga. App. 602 (80 SE2d 490), involving defective furnace and based on fraud; *Bray v. Cross,* 98 Ga. App. 612 (106 SE2d 315), based on negligence, in which Chief Judge Felton dissented, one of his grounds for dissent being that, in the absence of any agreement relating to the defects, actual fraud on the part of the seller in failing to disclose known defects is necessary to support recovery.

The case of *Davis v. Hopkins,* 50 Ga. App. 654, supra, is authority for the proposition that where the seller, knowing there is a defect in the property sold which constitutes an imminently dangerous condition and which defect is concealed by the seller so it could not be discovered by the exercise of ordinary care on the part of the purchaser and the purchaser does not know of this defect and the seller does not reveal it to him and dam-

age is occasioned to the property by the concealed defect, the purchaser has a right of action based upon fraud and deceit against the seller upon properly pleading his case.

An action for negligence by the purchaser against the vendor based upon false representations or concealment as to a defect in the premises which result in damage to the realty is not one of the remedies open to him. If he seeks to recover damages under such circumstances, the action is for fraud and deceit based upon actual knowledge on the part of the seller. Negligence is not fraud, and does not form the basis of the action, nor do the rules of negligence have application in this area of the law. Denver Bros. Sales Co. v. Lewis, 148 Colo. 293 (365 P2d 895). Any intimations or rulings to the contrary in *Kuhr Bros., Inc. v. Spahos,* 89 Ga. App. 885 (81 SE2d 491), and the dicta in *Bray v. Cross,* 98 Ga. App. 612, supra, are expressly overruled. In sustaining the general demurrer to the petition in the present case, the trial court expressly rested its ruling upon the case of *Walton v. Petty,* 107 Ga. App. 753, supra. The action in that case was grounded upon negligence of the contractor-seller, and no allegations as to fraud were made. Under these circumstances, the result reached in that case was correct, but the holding that the rule of caveat emptor applied and "therefore no action can be brought for fraud in concealment of defects in the house, since the plaintiff failed to extract an express warranty as to condition from the defendant in the contract of sale reserving it in the deed" is not correct and is expressly overruled. The petition in the present case was brought in two counts, one seeking a recovery on the theory of negligence, and the other seeking a recovery for the creation of a nuisance. Counsel was no doubt led into this error because of the decisions of this court in *Kuhr Bros., Inc. v. Spahos,* 89 Ga. App. 885, supra, and the dicta in *Bray v. Cross,* 98 Ga. App. 612, supra.

In view of the fact that the learned trial judge and plaintiff's counsel were no doubt influenced by the decisions of this court above mentioned, we think that in the interest of both law and justice we should here exercise our power under *Code* § 6-1610 to direct that upon a return of the remittitur to the trial court,

the plaintiff be afforded ten days opportunity to so amend the petition as to meet the requirements of pleading a cause of action for fraud and deceit if he can do so. That this can be done in situations of this kind, see *McRae v. Sears*, 183 Ga. 133 (187 SE 664) ; *Wynne v. Alford*, 29 Ga. 694.

The judgment, therefore, is affirmed with direction that plaintiff be given ten days from return of the remittitur to the trial court to amend his petition as set forth above.

*Judgment affirmed with direction. Felton, C. J., Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Russell, JJ., concur.*