## 50513. COLLIER v. SINKOE.

PANNELL, Presiding Judge.

Eldred A. Sinkoe brought a complaint against James T. Collier, Jr., seeking recovery of a balance due upon a promissory note, plus interest and attorney fees. The attorney fees were subsequently eliminated. Defendant Collier in his answer denied the material allegations of the complaint and other than the defense of failure to state a claim attempted to set up the following defenses: That complainant, on or about February 23, 1972, sold to defendant certain improved real estate, being two buildings containing apartment units, for the sum of $67,000; that defendant executed and delivered to Peachtree Federal Savings & Loan Association a note and first loan deed to the property to secure the note in amount of $52,000, the proceeds of which were paid to complainant as a part of the purchase price of the property, and in addition thereto executed and delivered to the complainant a $12,000 note and second loan deed to secure the same, as a part of the consideration, and also paid complainant an additional sum in excess of $3,000; that, thereafter, Peachtree Federal Savings & Loan Association foreclosed its loan deed on the property and bought the property in itself but never had the sale confirmed. The answer then complains that complainant's failure to require confirmation of the sale "and to thereby obtain fair market value," (alleged to be enough to pay both debts) "constitutes payment, release, and discharge of the note sued upon."

Defendant further alleged that the second loan deed and note "was or is a 'dry mortgage' the parties never intending said transaction to impose personal liability of defendant" to complainant.

The defendant also interposed a counterclaim seeking recovery of money spent on repairs of $3,000 and the loss of $4,000 on the sale of the property because of his reliance upon a representation of complainant that the property was "in good rentable condition."

Upon the trial, a verdict was directed for the complainant for principal and interest on the note sued upon and against the defendant on his counterclaim.

Defendant appealed.

1. The Act of 1935 (Ga. L. 1935, p. 381; Code Ann. § 67-1503) providing that when any real estate is sold on foreclosure without legal process, no action may be taken to obtain a deficiency judgment unless the judge of the superior court of the county in which the land lies confirms and approves such a sale, applies only where a deficiency is sought after sale by the security holder. In the present case, the first security holder had foreclosed and sold the property. The complainant here was the holder of a second security instrument and was not a party to the sale under the first, and could properly sue on the note for which his instrument was given to secure, this not being an action for a deficiency judgment. See in this connection *Langley v. Stone,* 112 Ga. App. 237 (144 SE2d 627); *First Nat. Bank &c. Co. v. Kunes,* 128 Ga. App. 565 (197 SE2d 446), affirmed *First Nat. Bank &c. Co. v. Kunes,* 230 Ga. 888 (199 SE2d 776).

2. "While the doctrine of caveat emptor applies to the sale of realty, and there are no implied warranties as to title or the physical condition of the property sold and ordinarily a purchaser buys at his own risk, *Walton v. Petty,* 107 Ga. App. 753, 131 SE2d 655, this strict rule has been modified in a number of instances where fraud has been involved; as to title, where fraudulent representations are made, *Rice v. Warren,* 91 Ga. 759 (2) (17 SE 1032); *Holliday v. Ashford,* 163 Ga. 505 (136 SE 524); fraudulent representation as to encumbrances, *Leyden v. Hickman,* 75 Ga. 684, *Oliver v. O'Kelley,* 48 Ga. App. 762 (173 SE 232); false representations as to easements and appurtenances, *Waldon v. Stokes,* 23 Ga. App. 428 (1) (98 SE 367), *Fenley v. Moody,* 104 Ga. 790 (30 SE 1002); fraudulent representations as to quality of land sold, *Smith v. Kirkpatrick,* 79 Ga. 410 (2) (7 SE 258), *Estes v. Odom,* 91 Ga. 600 (18 SE 355); false representations as to type of tenancy, *Bridges v. Pafford,* 6 Ga. App. 689 (65 SE 700); false representations as to boundary, *Duncan v. Bailey,* 162 Ga. 457 (134 SE 87), *Puckett v. Reese,* 203 Ga. 716 (48 SE2d 297); false representations as to quality of lumber in house, *Griffin v. Butler,* 45 Ga. App. 771 (166 SE 60); false representations as to water supply, *Pressley v. Jones,* 64 Ga. App. 419 (13 SE2d 394); fraudulent

concealment or nondisclosure of large sewer on the premises resulting in damage to house constructed thereon and to the land itself, *Davis v. Hopkins,* 50 Ga. App. 654 (179 SE 213)." *Whiten v. Orr Const. Co.,* 109 Ga. App. 267, 268 (136 SE2d 136).

3. "Under repeated rulings of the courts of this State, where a purchaser of real estate who inspected it was not prevented by fraud on the part of the seller from inspecting it properly, or from making any other inquiry or investigation with respect thereto, and failed to exercise diligence in doing so, he can not have an abatement of the purchase price because of false representations of the seller with respect to its character or value, although in buying the land he may have acted upon misrepresentations of the seller touching these matters, under an express assurance from the seller that he would be safe in doing so. *Tindall v. Harkinson,* 19 Ga. 448; *Allen v. Gibson,* 53 Ga. 600; *Newbern v. Milhollin,* 31 Ga. App. 247 (20 SE 637), and citations. In other words, the courts, in such a case, will not rescue him from that against which by reasonable diligence he could have protected himself. The purchaser, however, is not obliged to exhaust all means at his command before relying upon the seller's statements. *Fenley v. Moody,* 104 Ga. 790, 793 (30 SE 1002); *Benson v. May,* 149 Ga. 555 (1 a) (101 SE 177). Ordinarily the question as to whether, by the exercise of ordinary diligence, he could have discovered the falsity of the representations is one for the determination of the jury. *Summerour v. Pappa,* 119 Ga. 1 (5) (45 SE 713)." *Briesenick v. Dimond,* 33 Ga. App. 394, 395 (1) (126 SE 306).

4. Should we assume in the present case that the failure of the seller (after an inspection of one empty apartment) to permit the inspection of the others on the ground he did not like to disturb his tenants or enter their apartments when absent, and the representation then made that the other apartments were similar to the one inspected was sufficient to require the submission to a jury of the question of diligence on the part of the purchaser, under the ruling in Division 3 above, the defendant, nevertheless is estopped from doing so because this representation was made prior to the execution of the

contract of sale and purchase which contained the following provision: "This contract constitutes the sole and entire agreement between the parties here, and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto." *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587 (1) (83 SE2d 580).

5. In view of the above rulings there was no error in refusing to admit in evidence testimony as to the alleged representation, the alleged defects and cost of the repairs made by the defendant and the loss on his subsequent sale of the apartment, and in directing the verdict against the defendant's counterclaim and plea of failure of consideration, there being no proof, whatsoever, that the complainant had any knowledge of the latent defects subsequently discovered; and the evidence showing that other defects claimed were defects which the defendant knew of at the time of the purchase or defects in things which he inspected but could not discover and were latent.

6. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." Code § 38-1805. "When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury." Code § 38-1806. "A witness is not to be discredited because of a discrepancy as to a wholly immaterial matter." *Daniels v. Luton,* 40 Ga. App. 741 (1) (151 SE 659). Nor because of proof of prior contradictory statements as to a wholly irrelevant and immaterial matter. *Bryant v. State,* 191 Ga. 686 (2) (13 SE2d 820); *Grant v. Hart,* 197 Ga. 662 (7) (30 SE2d 271); *Benefield v. Malone,* 112 Ga. App. 408, 411 (145 SE2d 732). The testimony of the party from whom complainant purchased the property in 1964 relative to the purchase and an agreement that such party remain in one of the apartments, and as to why the party left the apartment, to some degree conflicted with complainant's testimony as to this, but none of which was material to the issues involved. Under these circumstances a question of credibility for the jury to pass upon was not presented and there was no error in directing a verdict in favor of the

complainant for the balance principal due plus interest upon his uncontradicted testimony as to the amount thereof.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED APRIL 8, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 19, 1975.

*Lipshutz, Macey, Zusmann & Sikes, Winston H. Morriss, Gus H. Small, Jr.,* for appellant.

*Hayes, Hayes & Gaskill, Mose S. Hayes, Jr.,* for appellee.